■ WILLIAM M. JOEL, Professionally Known as BILLY JOEL, et al., Respondents, v FRANCIS X. WEBER, Also Known as FRANK WEBER, et al., Defendants, and MALONEY, YEATTS & BARR, P. C., Appellant. [602 NYS2d 383] —Order, Supreme Court, New York County (Edward Lehner, J.), entered October 9, 1992, which, *inter alia,* denied the motion by defendant Maloney, Yeatts & Barr, P. C. ("MYB") pursuant to CPLR 3211 (a) (7) and 3016 (b) seeking to dismiss the 34th, 35th, 38th, 40th and 41st causes of action asserted in the plaintiffs' Fifth Amended Supplemental Complaint as against MYB, unanimously affirmed, with costs.

Upon examination of the record, we find that the plaintiffs, under the pleading standards applicable to a CPLR 3211 (a) (7) motion to dismiss and CPLR 3016 (b), have sufficiently pleaded their causes of action for aiding and abetting liability under the Debtor and Creditor Law as against MYB. Plaintiffs have set forth, in each cause of action, factual allegations, with sufficient particularity, indicating that MYB knowingly and recklessly encouraged, induced and assisted Weber and Frank Management, Inc. ("FMI") in diverting Mr. Joel's partnership distributions and concealing that conversion from Mr. Joel, in breach of their fiduciary obligations to Mr. Joel *(cf., National Westminster Bank v Weksel,* 124 AD2d 144, *lv denied* 70 NY2d 604), and that a $75,000 payment made by Weber and FMI to MYB, made at a time FMI was insolvent within the meaning of section 271 of the Debtor and Creditor Law, was a fraudulent conveyance of Mr. Joel's funds, without any valuable or fair consideration therefor, in violation of sections 273 and 275 of the Debtor and Creditor Law *(Southern Indus. v Jeremias,* 66 AD2d 178).

Lacking merit is MYB's contention that, as a law firm, it is immune from any "aider and abettor liability" for merely having provided legal advice to its client, FMI, which resulted in the alleged conversion of Mr. Joel's partnership distribu-

tions. Although mere negligence by an attorney in rendering advice to a client does not support a separate right of action by a third party allegedly injured by that advice, nevertheless, under New York law, an attorney may be liable to third parties for actions taken in furtherance of his role as counsel upon proof, as alleged in detail by the plaintiffs herein, of the existence of "fraud, collusion, malice or bad faith" *(Beatie v DeLong,* 164 AD2d 104, 109).

We also reject MYB's assertion that the IAS Court erred in finding that the plaintiffs had alleged sufficient facts to sustain their pleading to set aside the payment to MYB by Weber and FMI of a $75,000 legal fee as a "fraudulent conveyance" under sections 273 and 275 of the Debtor and Creditor Law since the plaintiffs' allegations of MYB's receipt of the $75,000 fee at a time when MYB allegedly knew, or should have known, that FMI was insolvent, raise a triable issue as to whether MYB's legal advice to Weber and FMI to divert Mr. Joel's funds was given in "good faith" and as to whether the $75,000 fee constituted payment of an "antecedent debt" for "fair consideration" or a fraudulent conveyance to "hinder, delay, or defraud either present or future creditors", including the plaintiffs herein *(see, Atlantic Bank v Toscanini,* 145 AD2d 590).

We have reviewed the remaining claims and find them to be without merit. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.