770 So.2d 746 (2000)
Henry YUSEM, individually and Judith C. Yusem, individually, Appellants,
v.
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, a public corporation, and Judith C. Yusem as Trustee of the Burnside Court Land Trust, Appellees.
No. 4D00-943.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
*747 Leo J. Spivack of Spivack & Caplan, Miami, for appellants.
Gloria O. North of Gloria O. North, P.A., Boca Raton, for Appellee-South Florida Water Management District.
HAZOURI, J.
Henry and Judith Yusem appeal from an amended final judgment entered in favor of South Florida Water Management District (SFWMD) in its claim for fraudulent conveyance. We reverse.
On September 16, 1996, a final judgment was entered against Henry Yusem, finding that he had violated SFWMD permit number 50-01353-S-08, section 373.430(1)(b), Florida Statutes (1995), and Rules 404.381(2) and 40E-40.381(1), Florida Administrative Code, and awarding SFWMD a money judgment for penalties, attorney's fees, and costs in the total amount of $224,695.42, at an interest rate of 10% per year. Henry Yusem has failed to make any payment upon the judgment.
At the time SFWMD's final judgment was entered, Henry Yusem had a pending legal malpractice action. In April of 1998, Henry Yusem's attorneys, Allison and Robertson, P.A., settled the legal malpractice action, receiving $244,701.11. On April 9, 1998, Henry Yusem directed Allison and Robertson, P.A. to wire transfer the $244,701.11 into the joint bank account of Henry and Judith Yusem. Henry Yusem and Judith Yusem held the joint account as tenants by the entireties. On the same day that the $244,701.11 was wire transferred into the joint account, Henry Yusem transferred $210,000 to an offshore trust account which he held in his name only. Henry Yusem testified that the entirety of these monies was lost in a bad investment in foreign currency.
SFWMD filed this suit against Henry Yusem and Judith Yusem alleging that Henry Yusem engaged in a fraudulent asset conversion in violation of section 222.30, Florida Statutes (1997), and Chapter 726, Florida Statutes (1997). A nonjury trial was held in which Henry and Judith Yusem were the only witnesses to testify. After concluding that the funds wire transferred into the joint account were subject to execution pursuant to SFWMD's final judgment, the trial court concluded as follows:
14) Once again, these assets were not identified as the wages of HENRY YUSEM. These proceeds were wired directly into the YUSEMS' account on April 9, 1998. On the same day, HENRY YUSEM transferred the bulk of the funds, or $210,000.00, to HHY trust. At trial, HENRY YUSEM claimed the money was lost. After allegedly losing approximately $210,000 in a "poor investment" in foreign currency, YUSEM was unwilling or unable to recall any specific details regarding the investment or subsequent loss. The Huntsman test[1] is satisfied as to this transfer of $210,000. Specifically, the court finds the following badges of fraud exist:
a) The transfer of settlement funds was to an insider, first to the parties joint account and then to the Defendants' offshore trust.
b) The debtor retained control of the funds after the transfer and apparently chose to invest them.
c) The funds were transferred at a time when the judgment was outstanding.
d) The transfer was made almost immediately, removing the funds in a manner that suggests concealment.
These badges of fraud support a finding of fraudulent intent. The transfer *748 allowed the debtor to retain possession while concealing the funds.
The trial court ordered that:
Based upon the transfer of settlement funds to the Defendant's joint account, the Plaintiff is entitled to a judgment against the Defendants, HENRY YUSEM and JUDITH YUSEM jointly and severally in the amount of $210,000.
Judith Yusem argues that the record is devoid of any evidence that she had any knowledge of the existence of the malpractice action, the fact that it had settled, that the proceeds were transferred into their joint account or that her husband immediately transferred the funds into his offshore trust account. Therefore, she cannot be held to be a transferee under the fraudulent conveyance statute. We agree.
Section 726.105, Florida Statutes (1997), provides in pertinent part:
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
. . .
(2) In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:
(a) The transfer or obligation was to an insider.
(b) The debtor retained possession or control of the property transferred after the transfer.
(c) The transfer or obligation was disclosed or concealed.
(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
(e) The transfer was of substantially all the debtor's assets.
(f) The debtor absconded.
(g) The debtor removed or concealed assets.
(h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.
The debtor in this case is Henry Yusem. The transferee is Henry Yusem's offshore trust account. Judith Yusem was not a debtor, because SFWMD had a judgment against Henry Yusem only; nor was she a transferee, because the money was only momentarily transferred into the joint account without her knowledge and there was no evidence that she benefitted from the transfer. Additionally, there is a total absence of evidence that she conspired with Henry Yusem to defraud SFWMD. Therefore, there is no basis to hold Judith Yusem liable.
Section 726.108(1), Florida Statutes (1997),[2] provides for the remedies of creditors. *749 There is nothing in section 726.108 which provides that a creditor such as SFWMD, that has a judgment against a debtor such as Henry Yusem, can obtain an additional judgment against the same debtor, because the debtor fraudulently transferred funds to avoid his creditors. The judgment of $224,695.42 obtained by SFWMD in 1996 continues to grow at the rate of 10% per year. Had Henry Yusem taken $210,000, of the $244,701.11 legal malpractice settlement and gambled it away in Las Vegas, instead of using it to pay on the outstanding final judgment, would SFWMD be entitled to an additional judgment of $210,00.00? We think not.
The trial court misapprehended the purpose and scope of a fraudulent conveyance action. A fraudulent conveyance action is simply another creditors' remedy. It is either an action by a creditor against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the asset or pay for the asset (by way of a judgment and execution). A fraudulent conveyance action, under section 726.108, is not an action against a debtor for failure to pay an amount owing from a prior judgment.
For the above stated reasons, we reverse the final judgment entered in favor of SFWMD and against both Henry Yusem and Judith Yusem.
WARNER, C.J., and DELL, J., concur.
NOTES
[1] Huntsman Packaging Corp. v. Kerry Packaging Corp., 992 F.Supp. 1439, 1446 (M.D.Fla. 1998).
[2] (1)In an action for relief against a transfer or obligation under ss. 726.101-726.112, a creditor, subject to the limitations in s. 726.109 may obtain:

(a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
(b) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law;
(c) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
1. An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
2. Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
3. Any other relief the circumstances may require.