842 So.2d 155 (2003)
BANKFIRST, Appellant,
v.
UBS PAINE WEBBER, INC. et al, Appellees.
No. 5D02-300.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
Rehearing Denied April 15, 2003.
Jeffry R. Jontz of Carlton Fields, P.A., Orlando, for Appellant.
Ronald E. Crescenzo and Jason S. Haselkorn of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, W. Palm Beach, for Appellee, UBS Paine Webber.
David S. Cohen, Law Offices of David S. Cohen, Orlando, for Appellee, Jonathan Alper.
THOMPSON, C.J.
The order dismissing Bankfirst's claim against UBS Paine Webber, Thomas Lavecchia, Jonathan Alper, and Mark Koteen is affirmed based on our conclusion that neither section 222.30 nor chapter 726, Florida Statutes, creates a cause of action against a party who allegedly assists a debtor in a fraudulent conversion or transfer of property, where the person does not come into possession of the property. See Forum Ins. Co. v. Devere Ltd., 151 F.Supp.2d 1145 (C.D.Cal.2001); Elliott v. Glushon, 390 F.2d 514 (9th Cir.1967); Mack v. Newton, 737 F.2d 1343 (5th Cir. 1984); Klein v. Tabatchnick, 610 F.2d 1043, 1048 n. 8 (2d Cir.1979); Jackson v. Star Sprinkler Corp. of Florida, 575 F.2d 1223, 1234 (8th Cir.1978); compare Yusem v. South Florida Water Management Dist. 770 So.2d 746 (Fla. 4th DCA 2000).
AFFIRMED.
SAWAYA, J., concurs.
HARRIS, C., Senior Judge, dissents, with opinion.
*156 HARRIS, C., Senior Judge, dissenting.
The issue in this case is whether lawyers and financial advisors who knowingly conspire with a client to defraud the client's creditors by intentionally hindering, delaying, or defrauding creditors of the debtor may be held liable in damages for the loss resulting to the creditors.
Here, it is alleged that Legendre, in order to successfully obtain a large loan for his corporation based on his personal guarantee, represented to BankFirst that he had substantial non-exempt assets. Such representation was true at the time it was made; however, when the corporation fell on hard times, Legendre went to his financial consultant associated with Paine Webber and told him of his corporation's problem, which placed his individual assets at risk. The consultant advised Legendre to put no more money into the corporation but instead to go to a lawyer, Alper, who specialized in "asset preservation." According to the complaint[1], Alper with full knowledge that Legendre was intending to defraud BankFirst by hiding his assets, set up a trust to be administered by a bank in the Bahamas but which would be assisted by Paine Webber in the United States. Substantial assets formerly in the name of Legendre were transferred into the trust. Alper also formed a corporation with himself as registered agent for the purpose of managing Legendre's various investments. Although Legendre owned all of the rights to the new corporation, such interest was assigned without recourse to the Bahamian bank. An account was set up by the new corporation at Paine Webber and money was transferred to that account from the Bahamian bank and used to purchase a home in Indiana and to pay Legendre's living expenses.
When Legendre subsequently went into bankruptcy and BankFirst's $650,000 judgment went unsatisfied, the bank sued Legendre and others, including lawyers and the financial consultants. Count III, involved in this appeal, alleged that Alper (and Koteen, another lawyer who served as manager/attorney for the new corporation) and Lavecchia, the financial consultant, along with Paine Webber, conspired with Legendre to hinder and delay the bank's collection of its debt by fraudulently transferring assets and sought damages accordingly.
The trial court dismissed the action with prejudice against the lawyers and the financial consultants, apparently believing that a lawyer cannot conspire with a client to commit a civil wrong and because it believed that a fraudulent conveyance action, the underlying wrong in this case, cannot sustain a claim for damages. Because I disagree with both contentions, I would reverse and put the bank to its proof.
While I agree that extreme caution should be taken before holding an attorney liable in civil conspiracy for a wrong committed by a client, still if a conspiracy is properly proved and the lawyer is shown to have willingly and knowingly participated in it, there is no immunity. See Blatt v. Green, Rose, Kahn, & Piotrkowski, 456 So.2d 949 (Fla. 3d DCA 1984). See also, McElhanon v. Hing, 151 Ariz. 403, 728 P.2d 273 (1986) (a cause of action lies against a judgment debtor's attorney who conspires with the debtor to defraud the creditor). and Joel v. Weber, 197 A.D.2d 396, 602 N.Y.S.2d 383 (1993) (plaintiff successfully pled cause of action under New York's Debtor and Creditor Law that lawyer *157 aided and abetted a fraudulent conveyance).
If it is fraud for a debtor to convey assets to avoid creditors, what possible policy reason is there to immunize a lawyer who knowingly and willingly makes it possible for his client to commit this fraud? Is it because one who wishes to defraud his creditors has a right to competent legal assistance to do so or is it merely a way of protecting the species? If it is only through the efforts of a lawyer that this fraud can be committed, such conduct should not go unrewarded.
The next issue is whether damages can be an alternative remedy under a fraudulent conveyance action. I submit that the better rule is that, under certain circumstances, damages is an appropriate remedy and sometimes the only remedy. Certainly, setting aside the fraudulent conveyance is the focus of the law's remedy. However, subject to applicable principles of equity, any other relief the circumstances may require is specifically authorized. See section 726.108(1)(c)3, Florida Statutes. Does the reference to "subject to applicable principles of equity" limit the "any other relief" that circumstances may require to only traditional equitable remedies or does it permit any remedy which is equitable (and fair) under the circumstances?
The court in Hansard Construction Corporation v. Rite Aid of Florida, Inc., 783 So.2d 307 (Fla. 4th DCA 2001), held that a plaintiff may recover money damages against the transferor under the "any other relief" provision. In Profeta v. Lombardo, 75 Ohio App.3d 621, 600 N.E.2d 360 (1991), the Court approved money damages awarded under similar circumstances and under a similar statutory provision.
In Johns v. A.T. Stephens Enterprises, Inc., 815 So.2d 511, 516 (Ala.2001), a case involving a similar provision, the court concluded "not only that the law permits damage awards in cases involving fraudulent conveyances, but that the facts of this case require such an award."
Under the facts alleged in this case, the lawyers and the financial consultants, for the purpose of and with the intent to defeat the legitimate statutory rights of BankFirst not to have its debtor transfer assets in order to hinder or delay the rightful collection of its debt, devised and implemented a plan by which the debtor was able to transfer his money into a trust and out of the country and yet maintain the benefits of his wealth through a holding corporation which acted as an intermediary between the debtor and the off-shore bank. This tactic removed the debtor's money from the immediate reach of Bank-First and hindered and delayed the bank in the execution of its lawful judgment and resulted ultimately in its substantial economic loss.
I believe BankFirst stated a cause of action for civil conspiracy and, if those transferred assets are no longer subject to recovery, or to the extent they are not, then it is only equitable and just that damages be substituted in lieu of such assets. Indeed, damages would be the only remedy available. As stated in Summers v. Hagen, 852 P.2d 1165 (Alaska, 1993), an action for conspiracy to fraudulently convey property, if the remedy of voiding the transfer is inadequate, the plaintiff is entitled to the lesser of the value of the property fraudulently transferred or the amount of the debt.
I would reverse and reinstate the complaint.
NOTES
[1] I recognize that allegations are easy to make; proof is often hard to come by. But here we are dealing only with allegations.