COPE, J.
Danzas Taiwan, Ltd., appeals the denial of its motion to quash service of process and to dismiss for lack of jurisdiction. After careful consideration, we conclude that the order must be reversed.
Plaintiffs-appellees filed an action against Danzas Taiwan and other defendants. The complaint alleges that Danzas Taiwan, a Taiwanese freight forwarder, engaged in conspiracy to commit fraudulent transfers.
Danzas Taiwan moved to dismiss for lack of personal jurisdiction. The trial court denied the motion, and Danzas Taiwan has appealed.
One theory argued by the plaintiffs in support of personal jurisdiction was the claim that Danzas Taiwan had committed a tortious act within the State of Florida. During the pendency of this appeal, the Fifth District Court of Appeal announced Bankfirst v. UBS Paine Webber, Inc., 842 So.2d 155 (Fla. 5th DCA 2003). The Fifth District held that there is no cause of action under the fraudulent conveyance statute against one “who allegedly assists a debtor in a fraudulent conversion or transfer of property, where the person does not come into possession of the property.” Id. at 155 (citations omitted). The *538 same conclusion also follows from this court’s recent decision in Beta Real Corporation v. Graham, 839 So.2d 890, 892 n. 3 (Fla.3d DCA 2003). See also Tropin v. First Union National Bank, No. 00-4485-Civ-Ungaro-Benages (S.D.Fla. Mar. 25, 2002) (order granting defendant’s motion to reconsider order); Freeman v. First Union National Bank, No. 00-2013-Civ-Ungaro-Benages (S.D.Fla. Jan. 2, 2002) (order granting defendant’s motion to dismiss).
The alleged fraudulent transfers in this case were between Unique Gems International Corporation and a related company, Pearls and Gems. There is no allegation that Danzas Taiwan is a recipient of fraudulently conveyed assets. The freight forwarder only received fees for services rendered in forwarding freight.
It follows that there can be no jurisdiction over Danzas Taiwan for commission of a tortious act in Florida because there is no cause of action against Danzas Taiwan for conspiracy to engage in fraudulent transfers. Bankfirst; see also Beta Real. As there is no cause of action, it is apparent that on remand there must be a dismissal. See Fla. R.App. P. 9.040(a). We therefore need not consider the plaintiffs alternative arguments regarding personal jurisdiction.
We do not fault the trial court for its ruling in this matter because the trial court did not have the benefit of the recent Bankfirst and Beta Real decisions.
Reversed and remanded for dismissal.