■ STEWART M. KALTER, Appellant, v RIVERSOURCE LIFE INS. CO. OF NEW YORK, Respondent. [38 NYS3d 71]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated May 19, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced a prior action against the defendant and its parent company in the Supreme Court, New York County, to recover damages for breach of contract as his first cause of action and to recover damages for violation of General Business Law § 349 as his second cause of action. In his third cause of action, he sought a judgment declaring that he was totally disabled and entitled to continued total disability benefit payments under a disability income policy issued by the defendant. The defendant and its parent company moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against the defendant. Although the motion was adjourned on consent of the parties, the plaintiff did not submit opposition to the motion. In an order dated October 29, 2013, the Supreme Court, New York County, granted the motion and directed the clerk to enter judgment. A proposed judgment that had the words "with prejudice" crossed out was signed on January 8, 2014.

In July 2014, the plaintiff commenced this action against the defendant in the Supreme Court, Suffolk County, alleging the same three causes of action that were alleged in the complaint filed in Supreme Court, New York County. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrine of res judicata. The Supreme Court granted that branch of the motion. We affirm the order insofar as appealed from.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 675 [2015]). In the interests of fairness and judicial economy, a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again (*see Matter of Hunter*, 4 NY3d at 269; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]).

Here, based on the order issued in the prior action by the Supreme Court, New York County, dismissing the plaintiffs' complaint against the defendant pursuant to CPLR 3211 (a) (1), the doctrine of res judicata bars the plaintiff's present action (*see James v Arango*, 116 AD3d 1008 [2014]; *Smith v Palmieri*, 103 AD2d 739 [1984]; *Law Offs. of D'Amico & Assoc., PLLC v D'Elia*, 44 Misc 3d 137[A], 2014 NY Slip Op 51242[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; *see also Gianatasio v D'Agostino*, 862 F Supp 2d 343 [SD NY 2012]). Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.