■ In the Matter of Jacob Agai et al., Respondents, v Diontech Consulting, Inc., et al., Respondents, and Peter Kutil et al., Appellant. [51 NYS3d 566]—

In a proceeding pursuant to CPLR article 52, inter alia, to enforce two judgments, Peter Kutil and King & King, LLP, appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated November 24, 2014, which denied their motion pursuant to CPLR 3211 (a) to dismiss the amended petition insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was pursuant to CPLR 3211 (a) (5) to dismiss so much of the amended petition as alleged that Peter Kutil and King & King, LLP, engaged in misconduct with respect to collateral relating

to a certain appeal bond that was the subject of an action entitled *Agai v Liberty Mut. Agency Corp.*, commenced in the Supreme Court, Richmond County, under index No. 101974/12, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

This proceeding was commenced by the petitioners pursuant to CPLR article 52 to enforce and collect final judgments in the total sum of approximately $10 million, which were rendered in favor of them after trial in two underlying actions against Diontech Consulting, Inc., and its three owners (hereinafter collectively Diontech). Peter Kutil and his law firm, King & King, LLP (hereinafter together the law firm respondents), represented Diontech in the underlying litigation and at trial. In this proceeding, the petitioners asserted claims against the law firm respondents which alleged that they violated Debtor and Creditor Law §§ 273, 273-a, 274, 275, and 276 by receiving fraudulent transfers and/or otherwise unlawfully assisting Diontech in dissipating, hiding, and transferring Diontech's funds and other assets when Diontech was insolvent or thereby rendered insolvent, in order to avoid paying the subject judgments. The petitioners also alleged that the law firm respondents aided and abetted Diontech in breaching its fiduciary duties to creditors such as the petitioners.

The law firm respondents moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the amended petition insofar as asserted against them, specifically seeking the dismissal pursuant to CPLR 3211 (a) (5), on res judicata grounds, of any cause of action predicated on allegations that they engaged in misconduct with respect to collateral relating to a certain appeal bond that was the subject of a prior action entitled *Agai v Liberty Mut. Agency Corp.*, commenced in the Supreme Court, Richmond County, under index No. 101974/12 (hereinafter the appeal bond litigation). The Supreme Court denied the motion.

Accepting the facts as alleged in the amended petition as true, and according the petitioners the benefit of every possible favorable inference (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the amended petition adequately pleads violations of Debtor and Creditor Law §§ 273, 273-a, 274, 275, and 276 against the law firm respondents (*see DiMauro v United, LLC*, 122 AD3d 568 [2014]; *Joel v Weber*, 197 AD2d 396 [1993]; *Menaker v Alstaedter*, 134 AD2d 412 [1987]; *see also Matter of Setters v AI Props. & Devs. [USA] Corp.*, 139 AD3d 492 [2016]; *American Media, Inc. v Bainbridge & Knight Labs., LLC*, 135 AD3d 477 [2016]).

Further, the amended petition adequately pleads that the law firm respondents aided and abetted Diontech's alleged breach of a fiduciary duty (*see Monaghan v Ford Motor Co.*, 71 AD3d 848, 850 [2010]; *Aranki v Goldman & Assoc., LLP*, 34 AD3d 510, 512 [2006]).

However, so much of the amended petition as alleged that the law firm respondents engaged in misconduct with respect to collateral relating to the appeal bond that was the subject of the appeal bond litigation must be dismissed on res judicata grounds. In relevant part, the complaint in the appeal bond litigation alleged that the law firm respondents concealed $500,000 in cash collateral from Diontech's creditors, retained a portion of such collateral for their own purposes without consideration and with the intent to defraud Diontech's creditors, and improperly assisted Diontech in transferring part of the collateral to settle another action. Contrary to the petitioners' contention, those allegations are substantially identical to allegations made in the amended petition that the law firm respondents used part of the cash collateral from the appeal bond for their own benefit and the benefit of the owners of Diontech. Since the complaint in the appeal bond litigation, insofar as asserted against the law firm respondents, was dismissed on the merits pursuant to CPLR 3211 (a) (1) (*see Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 833 [2014]), the petitioners are barred from reasserting the same claims against them in the amended petition (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Kalter v Riversource Life Ins. Co. of N.Y.*, 142 AD3d 1141, 1142 [2016]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.