17-3161-cv
*Salvador v. Touro College, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand eighteen.

PRESENT:
>DENNY CHIN,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges*,
>JOHN F. KEENAN,
>>*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LEODEGARIO D. SALVADOR,

>*Plaintiff-Appellant,*

>v.                                                  17-3161-cv

TOURO COLLEGE AND UNIVERSITY SYSTEMS, TOURO COLLEGE JACOB D. FUCHSBERG LAW CENTER, DR. ALLAN KADISH, LAWRENCE RAFUL, SUSAN THOMPSON, DANIEL DERBY, PAULA KUTCH, MICHELE KAMINSKI, YELENA ELKINA, PROVOST, TOURO UNIVERSITY & COLLEGE VICE PRESIDENT and ALL

---

\*       Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

TOURO UNIVERSITY AND COLLEGE BOARD OF
GOVERNORS,

                             *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        LEODEGARIO D. SALVADOR, *pro se*, Las Vegas, Nevada.

FOR DEFENDANTS-APPELLEES:        MICHAEL NEWMAN, Touro College, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Leodegario D. Salvador appeals from a judgment of the district court entered September 21, 2017, granting defendants-appellees' motion to dismiss. The district court set forth its reasoning in a memorandum and order filed September 18, 2017.

We review the grant of a motion to dismiss *de novo*, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). We also review *de novo* a district court's application of *res judicata*. *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

- 2 -

## A.     Background

In 2012, Salvador sued Touro College and Touro College Jacob D. Fuchsberg Law Center (together, "Touro") in state court for breach of contract, fraudulent inducement, negligence, and negligent misrepresentation for denying him an LLM degree.  He alleges that Touro admitted him to its LLM program with the knowledge that he received an online law degree, rather than a law degree from an overseas law school, but subsequently denied him a degree on that basis.

The state court dismissed his complaint in part, but on appeal the First Department ordered the dismissal of the entire complaint.  *See Salvador v. Touro Coll.*, 139 A.D.3d 1 (1st Dep't 2016).  Salvador, *pro se*, then sued Touro in the district court asserting the same causes of action based on the same facts.  In addition to the original defendants, Salvador added several of Touro's officers and employees, and he also added a federal law claim related to his student loans.  The district court dismissed the state law claims as barred by *res judicata* and the federal law claim for failure to state a claim, and entered judgment accordingly.  This appeal followed.

## B.     Discussion

### 1.     Res Judicata and Collateral Estoppel

We affirm.  First, Salvador's claims against Touro are barred by *res judicata*.  The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to accord state judgments the same preclusive effect" those judgments would have in the

courts of the rendering state." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005).  Thus, we must apply New York *res judicata* law, which "gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970) (internal quotation marks omitted).  "[I]f claims arise out of the same 'factual grouping' they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (applying New York law) (internal quotation marks omitted).

The state trial court orders dismissing Salvador's claims constitute a final judgment on the merits.  Although the state court did not specify whether its dismissal was based on New York Civil Practice Law and Rules ("CPLR") §§ 3211(a)(1) or (a)(7), dismissal under either provision would result in a judgment on the merits because Salvador's new complaint raises identical causes of action based on the same facts.  *See Kalter v. Riversource Life Ins. Co.*, 142 A.D.3d 1141, 1142 (2d Dep't 2016) (§ 3211(a)(1) dismissal is final judgment on the merits); *Blake v. City of N.Y.*, 144 A.D.3d 1071, 1073 (2d Dep't 2016) (dismissal under § 3211(a)(7) "has preclusive effect as to 'a new complaint for the same cause of action which fails to correct the defect or supply the omission determined to exist in the earlier complaint'" (quoting *175th E. 74th Corp. v. Hartford Acc.*

- 4 -

*& Indem. Co.*, 51 N.Y.2d 585, 590 n.1 (1980))). Here, the two suits involve identical facts or the "same factual grouping," *Davidson*, 792 F.2d at 278 (internal quotation marks omitted), and thus are "deemed to be part of the same cause of action." *Id*. Moreover, because Touro College and Touro College Jacob D. Fuchsberg Law Center were parties to the prior action, *res judicata* bars Salvador's state law claims against those defendants.

It is not clear whether Salvador's claims against the other defendants are barred by *res judicata*, as there may be a question as to whether they were in privity with Touro. *Compare Bayer v. City of New York*, 115 A.D.3d 897, 897–99 (2d Dep't 2014) (employees not previously named in prior suit against their employer "[were] entitled to rely upon the beneficial disposition" of that action because they were "employees of the Department whose conduct formed the basis of the plaintiff's allegations in the [earlier] action"), *with Farren v. Lisogorsky*, 87 A.D.3d 713, 714 (2d Dep't 2011) (concluding that settlement between customer and pharmacy did not bar the customer's later suit against individual pharmacist because customer "never asserted any claim against the defendant in his capacity as an employee of [the pharmacy], and seek[s] here to hold him liable solely in his professional capacity as a pharmacist").

We need not decide the privity question, however, as the claims against the remaining defendants are clearly barred by collateral estoppel. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the

- 5 -

district court did not rely."). New York law provides that "issue preclusion occurs if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of N.Y.*, 377 F.3d 200, 205–06 (2d Cir. 2004) (internal quotations omitted). "[C]ollateral estoppel [may] be invoked, either defensively or offensively by a nonparty to the prior litigation." *Buechel v. Bain*, 97 N.Y.2d 295, 315–16 (2001). Therefore, all of the defendants may assert this defense as long as the other elements are met.

Because Salvador raised identical claims based on the same facts as those alleged in the 2012 suit, the issues, namely whether his allegations were sufficient to state claims, were identical. Thus, the First Department "actually and necessarily" decided whether Salvador's allegations were legally sufficient to state any of his asserted claims. *See Halyalkar v. Bd. of Regents*, 72 N.Y.2d 261, 268 (1988) ("For a question to have been actually litigated . . . , it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding."); *Kret v. Brookdale Hosp. Med. Ctr.*, 93 A.D.2d 449, 458 (2d Dep't 1983) (holding that issue was necessarily decided where decision on that issue was required to reach verdict and contrary decision in subsequent litigation would contradict that verdict).

Further, Salvador had a full and fair opportunity to litigate these issues. "[A] determination whether a full and fair hearing was provided requires consideration

- 6 -

of the realities of the [prior] litigation." *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 94 (2d Cir. 2000) (quoting *New York v. Sokol*, 113 F.3d 303, 307 (2d Cir. 1997) (alternations in original). "Factors to be considered include, *inter alia*: 1) the nature of the forum and the importance of the claim in the prior litigation; 2) the incentive to litigate and the actual extent of litigation in the prior forum; and 3) the foreseeability of future litigation (because of its impact on the incentive to litigate in the first proceeding)." *Id.* (quoting *Sokol*, 113 F.3d at 307. Here, Salvador pursued the same remedies in state court. Furthermore, he was counseled and filed opposition briefs in the state court action. *See, e.g., Matter of Yao*, 231 A.D.2d 346, 348 (1st Dep't 1997) (noting that litigant who had opportunity to oppose motion to dismiss had full and fair opportunity to litigate). Salvador was able to oppose the motion to dismiss, and he received the benefit of a full appellate process. Therefore, the state court's dismissal of Salvador's claims precludes his assertion of identical issues in this action.

2.      **Section 1983 Claim**

The district court correctly dismissed Salvador's § 1983 claim relating to his loans. Salvador alleged no facts showing that Touro or any other defendant was a state actor or that their conduct was "'fairly attributable' to the state." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (internal quotation marks omitted). He did not allege that the state "coerced" Touro to return the student loans, that the state was "entwined" with Touro's actions, or that Touro was a willful participant in state activity.

*Id.* at 313.  Rather, he alleged that Touro and its employees acted of their own volition.

Therefore, his § 1983 claim fails.

### 3. <u>**Leave to Amend**</u>

Finally, the district court did not abuse its discretion when it denied leave

to amend the complaint.  A *pro se* plaintiff should be afforded leave to amend following

a Federal Rule of Civil Procedure 12(b)(6) dismissal "when a liberal reading of the

complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*,

222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).  Here, Salvador's

complaint does not provide any indication that a valid claim could be stated.  His state

law claims are barred by *res judicata* and collateral estoppel and he alleged that

defendants acted of their own volition related to the student loan allegations.  His

complaint does not suggest any state or federal government involvement.  Thus,

amendment would be futile.  *See id.*

We have reviewed plaintiff's remaining arguments on appeal and

conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district

court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk