■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent, v MARIDAH GREEN et al.,

Appellants.—In a proceeding pursuant to CPLR 7503 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 1, 1987, and from an order of the same court, dated September 18, 1987, which both granted a stay of arbitration.

Ordered that the appeal from the order dated September 1, 1987 is dismissed as that order was superseded by the order dated September 18, 1987; and it further,

Ordered that the order dated September 18, 1987 is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

In August 1981, the appellants were involved in an automobile accident in New Jersey which allegedly resulted in personal injuries. Contending that the accident was caused by a hit-and-run driver whose identity was unknown, the appellants sought arbitration of their demand for benefits pursuant to the uninsured motorist endorsement contained in the policy issued by their insurance carrier, Prudential Property and Casualty Insurance Company (hereinafter Prudential). By petition dated April 19, 1982, Prudential sought a stay of arbitration on the ground that the hit-and-run driver was "identified" and "known" inasmuch as a disinterested witness had provided the police with a description of the hit-and-run automobile and its license plate number. By order dated July 23, 1982—from which no appeal was taken—the Supreme Court, Nassau County, granted the petition and stayed arbitration of the appellants' demand.

Although the appellants subsequently commenced a negligence suit in New Jersey against the alleged hit-and-run driver, the Superior Court of New Jersey dismissed the complaint after determining that the appellants had failed to establish that the defendant therein was the driver of the vehicle in question. Over five years after the original demand for arbitration was served, the appellants served a second demand for arbitration of their claim for uninsured motorist benefits. By petition dated August 6, 1987, Prudential again sought a stay of the demand, arguing, *inter alia,* that the court's prior determination staying arbitration—from which no appeal was taken—had conclusively resolved any question with regard to the appellants' entitlement to uninsured motorist benefits. We agree.

As the Court of Appeals has observed, *"[r]es judicata* is designed to provide finality in the resolution of disputes to

assure that parties may not be vexed by further litigation" *(Matter of Reilly v Reid,* 45 NY2d 24, 28). Moreover, "[t]he policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts" *(Matter of Reilly v Reid, supra,* at 28). The principle applies "not only as to matters actually litigated * * * but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuykill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307; *see also, Boronow v Boronow,* 71 NY2d 284, 290; *Matter of Hodes v Axelrod,* 70 NY2d 364; *Kret v Brookdale Hosp. Med. Center,* 93 AD2d 449, 455, *affd* 61 NY2d 861).

At bar, there is no question that the issues involved in the present proceeding to stay arbitration are identical to those litigated in the 1982 proceeding. Nor does the record indicate that the appellants were denied a full and fair opportunity to contest the assertions made by the petitioner in support of its 1982 application to stay arbitration. Although the appellants now contend, *inter alia,* that the Supreme Court's 1982 order was erroneously made, they nevertheless failed to pursue their contentions by seeking appellate review of the court's 1982 determination. Instead, they chose—albeit unsuccessfully —to file suit against the alleged driver of the automobile in the New Jersey Superior Court. Accordingly, having charted their own course, the appellants cannot now be heard to complain of the results *(see, Cullen v Naples,* 31 NY2d 818, 820; *cf., Ecker v Lerner,* 123 AD2d 661, 662). Mangano, J. P., Brown, Lawrence and Kooper, JJ., concur.