■ STERLING DOUBLEDAY ENTERPRISES, L.P., Appellant, v BRIAN S. MARRO et al., Respondents. [656 NYS2d 676] —In an action to pierce the corporate veil of Cambri Enterprises, Inc., in order to compel the defendants to satisfy a default judgment entered against Cambri Enterprises, Inc., the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated December 8, 1995, which denied its motion to dismiss the defendants' second affirmative defense and two counterclaims, and granted the defendants' motion for leave to serve an amended answer.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which denied that branch of the plaintiff's motion which was to dismiss the defendants' second affirmative defense, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof which denied that branch of the motion which was to dismiss so much of the first counterclaim as refers to a statement which allegedly implicated the defendant Brian S. Marro in criminal activity, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision which granted that branch of the cross motion which was for leave to assert the third, fourth, fifth and sixth affirmative defenses, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The plaintiff, Sterling Doubleday Enterprises, L.P., commenced this action to pierce the corporate veil of Cambri Enterprises, Inc. (hereinafter Cambri), in order to compel the defendants to satisfy a default judgment entered against Cambri. The defendants are the principals of Cambri. In a prior action, the plaintiff sued Cambri for breach of contract after the plaintiff had leased Cambri a private box suite at Shea Stadium and Cambri had defaulted on its payments. Cambri did not serve an answer to that complaint, and a default judgment was entered against it. The defendants served an answer contain-

ing two affirmative defenses and two counterclaims. The trial court denied the plaintiff's motion to dismiss the second affirmative defense and the counterclaims, and granted the defendants' cross motion for leave to amend their answer.

The second affirmative defense of unclean hands and the third, fourth, fifth, and sixth affirmative defenses in the proposed amended answer were barred by the doctrines of res judicata and collateral estoppel (see, Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485). It is fundamental that a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them (see, Green v Santa Fe Indus., 70 NY2d 244). Further, a default judgment bars the litigation of issues that were, or could have been, determined in the prior action (see, Cohen v Bloom, 234 AD2d 499; Curiale v Ardra Ins. Co., 202 AD2d 252, 253; Tantillo v Giglio, 156 AD2d 664, 665; Silverman v Leucadia, Inc., 156 AD2d 442, 444).

Here, the defendants, who together held offices of president, vice-president, secretary, and treasurer of Cambri, and constituted a majority of the three shareholders and directors of Cambri, which is a closely-held corporation, were in privity with Cambri and had control of the litigation that resulted in the default judgment. The defendants had an opportunity to participate in the litigation of the case instead of permitting the entering of the default judgment. In addition, the defendants had such control over Cambri that they should reasonably have expected that they might be held personally accountable for Cambri's obligations in the future (see generally, Curiale v Ardra Ins. Co., supra; Matter of Delford Indus. v New York State Dept. of Envtl. Conservation, 171 AD2d 941, 942-943; Hernandez v Nelson, 143 AD2d 632, 633).

The first counterclaim, which is based on slander, should have been dismissed in part. It is well established that words constitute slander per se if they impute the commission of a serious crime, a loathsome disease, or unchaste behavior in a woman, or if they affect the plaintiff in his trade, occupation, or profession (see, Warlock Enters. v City Ctr. Assocs., 204 AD2d 438). Here, the defendants alleged that an individual associated with the plaintiff had stated that a postal inspector had implicated the defendant Brian S. Marro as being "involved in criminal activity as an associate of one Jeff Burd". At the time the statement was made, Burd was under investigation for mail fraud, but this fact was not included in the allegedly defamatory statement. Although the defendants argue that at the time the statement was made it was common knowledge

that Burd was under investigation for mail fraud, "[in] this State, statements cannot be slanderous per se if reference to extrinsic facts is necessary to give them a defamatory import" *(Aronson v Wiersma,* 65 NY2d 592, 594-595). Accordingly, we dismiss so much of the first counterclaim as refers to the statement allegedly implicating Brian S. Marro in criminal activity.

The plaintiff's remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.