■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v NEHMIAH FACEY et al., Appellants. PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY et al., Proposed Additional Respondents. [707 NYS2d 238] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Segal, J.), dated September 22, 1999, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

Nehmiah and Vivienne Facey previously served a demand

for arbitration of an underinsured motorist claim dated August 1, 1997, against the petitioner for benefits arising out of a motor vehicle accident on July 3, 1996. Thereafter, the petitioner commenced a proceeding to permanently stay arbitration of the Faceys' underinsured and/or uninsured motorist claim in the Supreme Court, Nassau County. By order dated January 27, 1998, the court granted the petition upon the Faceys' default in appearing. The Faceys did not move to vacate the default.

Subsequently, by demand for arbitration of an uninsured motorist claim dated May 5, 1999, the Faceys sought to recover from the petitioner damages arising out of the same motor vehicle accident and the same offending vehicle. The petitioner sought to permanently stay arbitration based upon the doctrine of collateral estoppel. The petition was properly granted, although our determination is based on the doctrine of res judicata. Under the doctrine of res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy (*see, O'Brien v City of Syracuse*, 54 NY2d 353, 356; *Santiago v Lalani*, 256 AD2d 397, 398; *Finkelstein v Ilan*, 239 AD2d 545, 546; *Joem Intl. v Swedwall*, 215 AD2d 530). The doctrine is applicable to an order or judgment taken by default which has not been vacated, as well as to issues which were or could have been raised in the prior proceeding (*see, Sterling Doubleday Enters. v Marro*, 238 AD2d 502; *Curiale v Ardra Ins. Co.*, 202 AD2d 252, 253; *Tantillo v Giglio*, 156 AD2d 664, 665). Thus, the order of the Supreme Court dated January 27, 1998, is res judicata as to any claims which were raised or could have been raised in that proceeding (*see, Matter of Firemen's Ins. Co. v Hopkins*, 244 AD2d 485). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.