■ In the Matter of Allstate Insurance Company, Respondent, v Monica Williams et al., Appellants. [816 NYS2d 497]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Queens County (Hart, J.), dated September 15, 2003, which granted the petition.

Ordered that the order is affirmed, with costs.

In June 1998 the appellants were involved in an automobile accident in Queens. At the time of the accident, the appellant Monica Williams was operating her vehicle and the appellants Wendy White and Eleace White were passengers in Williams's vehicle, which was insured by the petitioner, Allstate Insurance Company (hereinafter Allstate). The other vehicle involved in the accident fled the scene and the operator of that vehicle was unknown. The police report contained the license plate number and registered owner information for the other vehicle, although it is unclear how this information was obtained.

In June 1999 the appellants commenced an action to recover damages for personal injuries, in the Supreme Court, Queens County, against Kamaljit Singh, who was listed as the registered owner of the other vehicle in the police report. In November 1999 Singh interposed a verified answer asserting, inter alia, that the license plates had been removed from his vehicle and placed on another vehicle without his permission. In March 2000 the appellants filed a demand for uninsured motorist benefits and in April 2000 Allstate sought a permanent stay of arbitration in Supreme Court, Nassau County, on the ground that the appellants failed to establish that the other vehicle was uninsured. Singh's insurer, American Transit Insurance Company (hereinafter American Transit), and Singh, were added as additional party respondents. In October 2000 the Supreme Court granted Allstate's petition, upon American Transit's default, and permanently stayed the arbitration. The appellants, as parties to that proceeding, neither appealed that order nor sought a severance pursuant to CPLR 3215 (a) or any other relief. Instead, the appellants pursued their civil action against Singh in Supreme Court, Nassau County. In May 2003

the Supreme Court dismissed the action after Singh submitted proof that the license plates on the other vehicle had been stolen. In July 2003 the appellants filed another demand for arbitration and Allstate commenced a proceeding to stay the arbitration in the Supreme Court, Queens County. The Supreme Court granted Allstate's petition on the ground that the issues before the court had already been resolved in the prior proceeding to stay arbitration. We agree.

Res judicata provides finality in the resolution of disputes to assure that parties may not be vexed by further litigation (*see Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]). The policy against relitigation of adjudicated disputes is strong enough to bar a second action or proceeding even when further investigation indicates that the prior determination was erroneously made, whether due to the parties' oversight or court error (*id.* at 28). Under New York's transactional approach to res judicata, once a claim is brought to final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or even if seeking a different remedy (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). The doctrine is applicable to an order or judgment entered upon default that has not been vacated, as well as to issues that were or could have been raised in the prior proceeding (*see Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399, 400 [2000]).

The Supreme Court properly applied the doctrine of res judicata to this case as the appellants could have contested Allstate's assertions in the prior proceeding, even though the court granted Allstate's petition on default against American Transit. The appellants had been aware of Singh's stolen license plate defense well before filing their initial demand for uninsured motorist arbitration. Thus, after the Supreme Court stayed the arbitration upon the default of American Transit, the appellants could have sought a severance of Allstate's claim against them and requested a hearing on the stolen license plate issue. However, they took no further action in that proceeding and did not seek appellate review. Instead, the appellants apparently accepted the permanent stay of arbitration and charted their own procedural course by pursuing the negligence action against Singh; thus, they cannot now be heard to complain (*see Matter of Prudential Prop. & Cas. Ins. Co. v Green*, 146 AD2d 699, 701 [1989]). The determination in the prior proceeding was res judicata as to any claims which were raised or could have been raised in that proceeding (*see Matter of Firemen's Ins. Co. of Newark, N.J. v Hopkins*, 244 AD2d 485 [1997]). Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.