In the Matter of AISLE NATIONAL, LLC, Respondent, v K&E MECHANICAL, INC., Respondent, and ELWOOD JOHNSON et al., Appellants. [814 NYS2d 550]—

In a proceeding pursuant to CPLR 5206 (e) to compel the sale of real property to satisfy a default judgment, Elwood Johnson and Gladys Johnson appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated August 19, 2004, which, inter alia, granted the petitioner's motion to confirm a referee's report (Rosenblum, R.), made after a hearing, and denied their cross motion to disaffirm the referee's report.

Ordered that the order is affirmed, with costs.

The appellants, Elwood Johnson and Gladys Johnson, among others, personally guaranteed a credit line made to K&E Mechanical, Inc. (hereinafter K&E), by Bank Leumi Trust Company of New York (hereinafter the bank). In consideration thereof, K&E executed a promissory note. Thereafter, K&E defaulted on the note, and on April 27, 1995, the bank obtained a default judgment against the Johnsons for the amount due plus interest. On November 7, 2000, the bank assigned the judgment to the petitioner, Aisle National, LLC, which sought an order directing the sale of certain real property owned by the Johnsons in satisfaction of the judgment.

In opposition, the Johnsons asserted, among other things, that the judgment failed to credit them for certain sums of money recovered by the bank. The Supreme Court appointed a referee to determine the amount owed by the Johnsons, and the Johnsons challenge the referee's findings on the instant appeal.

"It is fundamental that . . . a default judgment bars the litigation of issues that were, or could have been, determined in the prior action" (*Sterling Doubleday Enters. v Marro,* 238 AD2d 502, 503 [1997]). Therefore, the Johnsons are precluded from litigating the issue of whether they were credited for certain payments made by co-obligors prior to entry of the judgment (*see Tri-Global Mgt. Corp. v Richardson,* 303 AD2d 674 [2003]; *Matter of Eagle Ins. Co. v Facey,* 272 AD2d 399 [2000]; *Sterling Doubleday Enters. v Marro, supra*).

Furthermore, the remaining findings of the referee are fully supported by the record and there is no basis to disturb the order of the Supreme Court (*see Matter of Matsis,* 274 AD2d 431 [2000]; *Mondello v Mondello,* 253 AD2d 861 [1998]).

The appellants' remaining contentions either are not properly before this Court or without merit. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.