SARAMILIA GASTON et al., Respondents, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant. [835 NYS2d 369]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insureds, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 16, 2006, which granted the plaintiffs' motion for summary judgment and denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"It is fundamental that . . . a default judgment bars the litigation of issues that were, or could have been, determined in the prior action" (*Matter of Aisle Natl. LLC v K&E Mech., Inc.*, 29 AD3d 901, 902 [2006] [internal quotation marks omitted]; *see Matter of Eagle Ins. Co. v Facey*, 272 AD2d 399 [2000]; *Sterling Doubleday Enters. v Marro*, 238 AD2d 502 [1997]).

Here, orders in two prior proceedings to stay arbitration of uninsured motorist vehicle claims arising from the same accident in which the plaintiffs were injured determined that the defendant afforded insurance coverage for the offending vehicle. The defendant, who was named a party to those prior proceedings, contends that the orders determining that it afforded coverage to the offending vehicle should not be given preclusive effect because they were made upon default. However, the defendant offered no evidence that it lacked notice of the prior proceedings, or that it had taken any steps to vacate the defaults. Under these circumstances, the defendant is precluded from litigating the issue of whether it provided coverage to the offending vehicle in this action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment entered against the owner and operator of the offending vehicle (*see Matter of Aisle Natl. LLC v K&E Mech., Inc., supra; Matter of Eagle Ins. Co. v Facey, supra; Sterling Doubleday Enters. v Marro, supra; see also Kleynshvag v GAN Ins. Co.*, 21 AD3d 999 [2005]). In view of the preclusive effect of the prior orders and the uncontroverted evidence of the unsatisfied judgment entered against the defendant's insureds, the Supreme Court properly granted the plaintiffs' motion for summary judgment, and denied the defendant's motion for summary judgment (*see Kleynshvag v GAN Ins. Co., supra*). Furthermore, since the defendant failed to offer any evidence of the limits of the subject insurance policy, the plaintiffs are entitled to recover the full amount of their unsatisfied judgment (*id.*)..

Motion by the respondents on an appeal from an order of the Supreme Court, Kings County, dated August 16, 2006, to strike pages 122 through 127 of the record on appeal and to strike the last paragraph on page 8, the first sentence on page 9, and the final unnumbered page of the appellant's brief on the ground that they contain or refer to matter dehors the record, and to enlarge their time to serve and file a brief. By decision and order on motion of this Court dated January 31, 2007, inter alia, that branch of the motion which was to strike the last paragraph on page 8, the first sentence on page 9, and the final unnumbered page of the appellant's brief was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion which was to strike the last paragraph on page 8, the first sentence on page 9, and

the final unnumbered page of the appellant's brief is denied. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.