Vital Meridian Acupuncture, P.C., as Assignee of Jose Fernandez Perez, Appellant,
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered May 2, 2013. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action to recover assigned first-party no-fault benefits, plaintiff seeks to recover for services it rendered to its assignor for injuries he had sustained in a motor vehicle accident on April 25, 2012. Prior to the commencement of this action, defendant instituted a declaratory judgment action in the Supreme Court, New York County, against plaintiff's assignor and various medical providers, including plaintiff herein. By order dated December 4, 2012, the Supreme Court granted, on default, the motion therein for a declaratory judgment, which order stated, among other things, that it is "ORDERED, ADJUDGED and DECLARED that Jose Ramon Fernandez Perez is not an eligible injured person to no-fault benefits under American Transit . . . policy CAP 612795, Claim No. 76337-03 . . . . American Transit is not required to provide, pay or honor or reimburse any claims . . . seeking to recover no-fault benefits arising under . . . policy CAP 612795, Claim No. 76337-03 from the alleged accident of April 25, 2011 involving . . . Jose Ramon Fernandez Perez."
In October 2012, plaintiff moved for summary judgment in the instant action and defendant cross-moved to dismiss the complaint on the ground that the December 4, 2012 Supreme Court order in the declaratory judgment action barred the instant action pursuant to the doctrines of res judicata and collateral estoppel. By order entered May 2, 2013, the Civil Court denied plaintiff's motion and granted defendant's cross motion.
Contrary to plaintiff's contention, the Civil Court correctly determined that the instant action is barred under the doctrine of res judicata by virtue of the Supreme Court order dated December 4, 2012 (see Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). To hold otherwise could result in a judgment in this action which would destroy or impair rights established by the order rendered by the Supreme Court in the declaratory judgment action (see Schuykill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307 [1929]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U]). The [*2]Supreme Court's order is a conclusive final determination notwithstanding that it was entered on default, and res judicata applies to an order or judgment taken by default which has not been vacated (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688, 690 [2000]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]; Ava Acupuncture, P.C. v NY Cent. Mut. Fire Ins. Co., 34 Misc 3d 149[A], 2012 NY Slip Op 50233[U]). Plaintiff's remaining contentions either lack merit or are unpreserved for appellate review.
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016