Nasrinpay v National Gen. Ins. Co. (2024 NY Slip Op 51188(U))

[*1]

Nasrinpay v National Gen. Ins. Co.

2024 NY Slip Op 51188(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-773 K C

John A. Nasrinpay, as Assignee of Cange, Pouchon, Appellant, 
against
National General Insurance Company, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
McDonnell, Adels & Klestzick, PLLC (Michael J. Giordano of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Derefim B. Neckles, J.), dated June 14, 2023, as amended by an order of that court dated January 12, 2024. The order, as amended, denied plaintiff's motion for summary judgment and granted defendant's cross-motion for summary judgment dismissing the complaint.

ORDERED that the order, as amended, is modified by providing that defendant's cross-motion for summary judgment dismissing the complaint is denied; as so modified, the order, as amended, is affirmed, without costs.
In November 2018, plaintiff John A. Nasrinpay commenced this action against defendant "National General Insurance Company" to recover assigned first-party no-fault benefits for services he rendered to his assignor, who was allegedly injured in an automobile accident on September 28, 2017. In September 2018, "National General Insurance Online, Inc." and New South Insurance Company brought a declaratory judgment action in the Supreme Court, Nassau County, against John A. Nasrinpay and his assignor herein, Pouchon Cange, among other parties, pertaining to the September 28, 2017 accident and then moved for a default judgment against John A. Nasrinpay and Cange, among others, when they failed to answer or appear. Insofar as is relevant to this appeal, Nasrinpay opposed the motion and Cange did not. In a default judgment [*2]entered November 13, 2019 against Cange, among others, and a separate default judgment entered November 21, 2019 against Nasrinpay, among others, the Supreme Court declared that the September 28, 2017 incident was a "Staged Accident" and that "National General Insurance Online, Inc." and New South Insurance Company were not obligated to pay claims for reimbursement submitted by Cange and Nasrinpay, respectively, arising from that incident. 
Subsequently, Nasrinpay moved in the Civil Court for summary judgment, asserting that he had provided medically necessary services to his assignor, that the relevant claim form was mailed to defendant "National General Insurance Company," and that defendant had failed to pay or deny the claim. Defendant cross-moved for summary judgment dismissing the complaint on the ground of res judicata or collateral estoppel, based on the aforementioned November 13 and 21, 2019 Supreme Court default declaratory judgments. Nasrinpay appeals from an order of the Civil Court dated June 14, 2023, as amended by an order dated January 12, 2024, denying his motion for summary judgment and granting defendant's cross-motion for summary judgment dismissing the complaint based on the default declaratory judgments issued in the Supreme Court action.
The doctrine of res judicata generally requires a final adjudication of a claim on the merits and precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions (see Matter of Hunter, 4 NY3d 260 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304 [1929]; Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912 [2016]; Quality Health Supply Corp. v Hertz Co., 68 Misc 3d 131[A], 2020 NY Slip Op 50996[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). It is well settled that default judgments, which have not been vacated, can have res judicata effect (see Lazides v P & G Enters., 58 AD3d 607 [2009]; Matter of Allstate Ins. Co. v Williams, 29 AD3d 688 [2006]; Matter of Eagle Ins. Co. v Facey, 272 AD2d 399 [2000]). Moreover, collateral estoppel precludes a party from relitigating an issue where "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]; Manko v Gabay, 175 AD3d 484 [2019]). While "[a]n issue is not actually litigated if, for example, there has been a default" (Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]), collateral estoppel may be applied to default judgments where the party against whom preclusion is sought appears in the prior action (see Miller v Falco, 170 AD3d 707 [2019]). 
It was National General Insurance Online, Inc., not defendant herein, that obtained the default declaratory judgment relied upon by defendant for its preclusion argument and, therefore, there is no res judicata effect based on National General Insurance Online, Inc.'s default declaratory judgment against Nasrinpay. Indeed, there has been no attempt to demonstrate that defendant is, in fact, National General Insurance Online, Inc., or even that National General Insurance Online, Inc., and not defendant, is "the proper insurer," requiring the dismissal of the complaint on that basis (see Quality Health Supply Corp., 2020 NY Slip Op 50996[U]). Moreover, as Nasrinpay did not appear in the declaratory judgment action, he did not have a full [*3]and fair opportunity to litigate whether the September 28, 2017 incident was a staged accident and, therefore, there is no collateral estoppel effect against him based on the default declaratory judgment (see Kaufman, 65 NY2d at 456-457). Thus, the Civil Court should have denied defendant's cross-motion.
Nasrinpay's motion for summary judgment was likewise properly denied, as Nasrinpay did not submit any evidence of an address for defendant, and thus failed to establish that the prescribed statutory claim form had been received by defendant (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]). In any event, there is a triable issue of fact as to whether defendant was an insurer for this accident. 
Accordingly, the order, as amended, is modified by providing that defendant's cross-motion for summary judgment dismissing the complaint is denied.
BUGGS, J.P., MUNDY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024