■ DEACON'S BENCH, INC., et al., Appellants, v PAUL HOFFMAN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered June 27, 1983 in Schenectady County, which granted defendant's motion to dismiss the complaint and to strike plaintiffs' action from the Trial Calendar. ¶ The pertinent procedural history of the instant matter is as follows: an action was commenced by plaintiffs in 1979, allegedly arising out of a landlord-tenant relationship between defendant and plaintiff Deacon's Bench, Inc. By order dated October 13, 1979, Special Term dismissed plaintiffs' fifth cause of action for legal insufficiency and lack of capacity to sue (CPLR 3211, subd [a], pars 3, 7), and dismissed their first, second and third causes of action on the ground that they were so vague and ambiguous that defendant could not reasonably be required to frame a response (CPLR 3024, subd [a]), with leave to replead within 30 days. In November, 1979, plaintiffs served a second, amended complaint to which defendant addressed another motion to dismiss. By order dated August 28, 1980, Special Term dismissed the third and fifth causes of action in that complaint for legal insufficiency and conditionally dismissed the second cause of action, again because of its vagueness and ambiguity. The third and fifth causes of action were dismissed with prejudice, but leave was granted to replead the other dismissed cause of action within 30 days. Special Term held in its decision, however, that plaintiffs' first cause of action was legally sufficient. Initially, plaintiffs did not elect to replead, but instead took an appeal from the order of dismissal, which was never perfected and was ultimately dismissed. On April 30, 1981, plaintiffs served a third, amended complaint and, again, defendant moved to dismiss. Special Term granted defendant's motion on the ground that plaintiffs had no right to serve

a further amended complaint at that time, since defendant had not consented to service of the complaint, plaintiff had neither sought nor obtained court permission to serve it, and the 30-day leave to amend contained in the prior order of dismissal had long since expired. On appeal from the order of dismissal of the third, amended complaint, this court affirmed (*Deacon's Bench v Hoffman*, 88 AD2d 734). In January, 1982, plaintiffs attempted to resuscitate their claims in a new action by serving a new summons and complaint upon defendant. Defendant answered, interposing a general denial and various affirmative defenses, including the defense that "the causes of action herein alleged have been dismissed by motion and order". After plaintiffs filed a note of issue, defendant moved to dismiss and to strike the note of issue on the basis of the latter defense, arguing that the new complaint was identical to the third, amended complaint dismissed in the previous action. Special Term granted the motion in all respects, and this appeal by plaintiffs followed. ¶ Unquestionably, the pleadings in the prior actions herein were inartfully drawn and the diligence of plaintiffs' attorney in preserving their claims left much to be desired. Nevertheless, in our view, Special Term erred in automatically dismissing the new complaint in its entirety, solely because it was a replication of plaintiffs' third, amended complaint in the prior action. Even if the tardiness in serving the third, amended complaint was, as held by Special Term, a neglect to prosecute, the resultant dismissal of that complaint was not on the merits and did not have *res judicata* effect to bar a subsequent action (Siegel, NY Prac, § 375, p 479). It would only serve to prevent a temporary tolling of the Statute of Limitations (CPLR 205, subd [a]); but this was not an issue raised by defendant's motion to dismiss. Furthermore, when a complaint is dismissed for legal insufficiency or other defect in pleading, it does not act as a bar to commencement of a new action for the same relief unless the dismissal was expressly made on the merits or the new complaint fails to correct the defects or omissions fatal to the prior one (*Van Minos v Merkley*, 48 AD2d 281, 284; *Binkowski v General Elec. Co.*, 25 AD2d 577, mot for lv to app den 17 NY2d 423; *Allston v Incorporated Vil.*, 25 AD2d 545, 546). ¶ Review of the various orders made by Special Term concerning the complaint and amendments thereto in the previous action discloses that only the third and fifth causes of action were dismissed on the merits, the sufficiency of plaintiffs' first cause of action was specifically upheld, and no explicit disposition was ever made of plaintiffs' fourth, sixth and seventh causes of action. In dismissing the third, amended complaint in the prior action because of late service thereof, Special Term did not address whether that amendment had cured the shortcomings of plaintiffs' earlier pleadings. Clearly, also, Special Term never reviewed plaintiffs' current complaint to determine whether the defects which resulted in the previous conditional dismissals had been corrected. Consequently, only the third and fifth causes of action of plaintiffs' present complaint, covering claims which had been dismissed with prejudice in the previous action, should have been dismissed out of hand on the instant motion. As to the remaining causes of action in the complaint, there should be a remittal so that Special Term may have the initial opportunity to ascertain whether they were the subject of prior orders of dismissal for legal insufficiency or other defects in pleadings and, if so, whether the defects or omissions found in the prior pleadings have been remedied. ¶ Finally, since the instant case clearly was not ready for trial and there had been no waiver of pretrial proceedings by defendant, Special Term correctly struck plaintiffs' note of issue. ¶ Order modified, on the law, without costs, by reversing so much thereof as dismissed plaintiffs' first, second, fourth, sixth and seventh causes of action, matter remitted to Special Term for further proceedings not inconsistent herewith, and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.