■ DAVID M. BELL, Respondent, v NEW YORK STATE DORMITORY AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on January 22, 1991, which denied the defendant's motion to amend its answer to include an affirmative defense that plaintiff was precluded by the doctrine of collateral estoppel from seeking damages in excess of the amount previously awarded the plaintiff by the Court of Claims in an action entitled *Matter of Bell v State of*

*New York,* unanimously reversed, on the law, and the motion granted, without costs.

Plaintiff was injured on a campus of the State University of New York when he lacerated two of his fingers on a metal bracket, designed to hold a fire extinguisher, which was protruding from a wall. He commenced two actions based on this incident. The first was brought in the Court of Claims against the State of New York as operator of the school and the within action was brought against the New York State Dormitory Authority ("Authority"), as owner of the property.

The first action was tried and, on August 1, 1989, the Court of Claims (Condon A. Lyons, J.) found that plaintiff was damaged in the total amount of $4829, that damages should be apportioned between plaintiff and the State so as to hold the State liable for 80% of the harm, and that plaintiff was therefore entitled to an award in that action of $3862.20. The Authority thereupon moved in the within action to amend its answer to include as a defense that plaintiff was precluded by the doctrine of collateral estoppel from recovering any amount in excess of the total amount of damages found by the Court of Claims. The motion was denied.

It is well established that, under New York law, the doctrine of collateral estoppel will be invoked to preclude repetitive litigation of an issue, where the identical issue was necessarily decided in a prior action, and there was a full and fair opportunity to contest the decision now said to be controlling *(Kaufman v Lilly & Co.,* 65 NY2d 449; *People v Trans World Airlines,* 171 AD2d 76, 81-82). It is not required that the party who wishes to assert the doctrine have been one who would have been bound by the prior determination had it been unfavorable *(Gilberg v Barbieri,* 53 NY2d 285, 291).

In this case, the sole issue upon which collateral estoppel is sought, i.e., the total amount of damages suffered by plaintiff in the within accident, was clearly identical as to both defendants. Moreover, plaintiff had a full and fair opportunity to establish those damages in the Court of Claims. Under these circumstances, defendant's motion should have been granted *(see, O'Connor v State of New York,* 126 AD2d 120, 125, *affd* 70 NY2d 914). Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.