■ RAYMOND PIGLIAVENTO, JR., Appellant, v TYLER EQUIPMENT CORPORATION, Respondent, et al., Defendant. (And a Third-Party Action.) [650 NYS2d 414] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered October 4, 1995 in Schenectady County, which granted a motion by defendant Tyler Equipment Corporation for leave to serve an amended answer.

In October 1992, while plaintiff was unloading concrete at a construction site, he fell from an elevated platform on a concrete mixing truck and allegedly sustained severe injuries. In July 1993, he commenced an action based on claims of negligence and violations of the Labor Law against the general contractor. In November 1994, plaintiff obtained a default judgment against the contractor on the question of liability only. Plaintiff then commenced this action against defendants, the manufacturer and seller of the truck from which he fell, alleging, *inter alia*, breach of express and implied warranties. Answers were served and after conducting discovery, defendant Tyler Equipment Corporation learned of the prior action. Tyler then moved for leave to serve an amended answer to include as a defense the doctrine of collateral estoppel. Supreme Court granted the motion and plaintiff appeals.

While it is well established that leave to amend is to be freely granted (*see, Padilla v New York City Tr. Auth.*, 184 AD2d 760, 762) and the trial court is accorded broad discretion on such applications which will not be lightly set aside (*see, Ward v City of Schenectady*, 204 AD2d 779), we nonetheless agree with plaintiff's contention that Tyler's collateral estoppel defense clearly lacks merit and that the motion to amend should not have been granted for that reason.

Tyler's proposed affirmative defense is that "plaintiff is barred from proceeding with the instant action against any of the parties defendant named herein" because of the entry of a judgment in plaintiff's favor in the prior action. To support

this defense, Tyler relies upon the following language contained in the order and judgment entered upon the general contractor's default: "the [general contractor] is liable to the plaintiff for all damages arising out of the accident on October 26, 1992". However, it is axiomatic that collateral estoppel effect is given to "matters 'actually litigated and determined' in a prior action * * * An issue is not actually litigated if * * * there has been a *default*, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [citations omitted; emphasis supplied]). Because the judgment taken against the general contractor was entered on default, the issue of liability was not actually litigated in the earlier action and the finding of liability therefore has no collateral estoppel effect.

Similarly, we are not convinced that plaintiff is barred from proceeding in this action simply because he first sought recovery against the general contractor on an alternate theory of liability. The mere fact that plaintiff sued one tortfeasor does not prevent him from suing a second tortfeasor later, as CPLR 3002 (a) provides that " '[w]here causes of action exist against several persons, the commencement or maintenance of an action against one, or the recovery * * * of a judgment which is unsatisfied, shall not be deemed an election of remedies which bars the action against the others' " (*see, Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793, 795).

The case of *Bell v New York State Dormitory Auth.* (183 AD2d 530), cited by Tyler, is easily distinguishable. *Bell* also deals with the preclusive effect of an earlier judgment but the similarities end there. In *Bell*, the issue of damages was litigated in the first trial, while in this case, there was no inquest on the amount of damages in the prior action. More importantly, *Bell* is further distinguishable because the prior action in that case was determined on the merits. Here, by contrast, the earlier judgment was entered on default.

In conclusion, because the judgment in the prior action neither acts as a complete bar to the instant action (because it was entered on default) nor limits plaintiff's damages (because there was no inquest on damages), Supreme Court erred in allowing an amendment to the pleading to assert a legally insufficient defense (*see, Citizens Fid. Bank & Trust Co. v Coulston Intl. Corp.*, 160 AD2d 1110, 1111).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.