**Marguerita DILLARD, Plaintiff,**

v.

**William HENDERSON, Postmaster General of the United States Postal Service, Defendant.**

**No. 97 Civ. 9085(MBM).**

United States District Court,
S.D. New York.

March 24, 1999.

Marguerita Dillard, Bronx, NY, pro se.

Mary Jo White, United States Attorney for the Southern District of New York, Neil M. Corwin, Assistant United States Attorney, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff *pro se* Marguerita Dillard sues William Henderson, Postmaster General of the United States Postal Service ("USPS"),[1] pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, for racial discrimination. Henderson moves to dismiss the complaint as barred by *res judicata.* For the reasons stated below, Henderson's motion is granted, and the complaint is dismissed.

### I.

Plaintiff's current complaint is based on the same events that led to her first complaint filed in 1995. In *Dillard v. Runyon,* 928 F.Supp. 1316 (S.D.N.Y.1996), *aff'd* 108 F.3d 1369 (2d Cir.1997), familiarity with which is assumed, this court dismissed Dillard's first complaint; that decision was summarily affirmed by the Second Circuit.

In the 1995 complaint, plaintiff alleged that sex and race discrimination, in violation of Title VII, led to her termination from the USPS on December 10, 1993. *See Dillard,* 928 F.Supp. at 1318. Runyon moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), or, alternatively, failure to state a

1. Plaintiff names Marvin T. Runyon, Jr., the former Postmaster General, as defendant in this action. Pursuant to Fed.R.Civ.P. 25(d), his successor, William Henderson, is substituted as a party.

claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), based on plaintiff's failure to exhaust her administrative remedies within the time allotted. *See id.* Plaintiff, represented by appointed counsel, acknowledged that she did not meet all the prerequisites to suit, but argued that the filing deadlines should be tolled based on equitable considerations. *See id.* at 1321, 1325. Finding that there was no basis for tolling the deadlines and, therefore, that there was no waiver of sovereign immunity, this court granted Runyon's motion to dismiss. *See id.* at 1328.

Plaintiff, now proceeding pro se, seeks relief under Title VII on the ground that her December 10, 1993 termination from the USPS was based on race. (Compl.¶¶ 5–8)[2] The only relevant variance from her former complaint is that plaintiff alleges that her failure to file a timely complaint was due to delays in the investigation by the Equal Employment Opportunity Commission ("EEOC") that was "conducted under wrong SS# ." (Compl.¶ 8) To support this contention, plaintiff submits two documents: (1) her own memorandum, repeating the allegation that the EEOC was responsible for plaintiff's delay in filing, (*see* Pl. Motion in Opp'n to Motion to Dismiss ¶ 3); and, (2) segments of the memorandum written by plaintiff's former, appointed counsel submitted in opposition to Runyon's motion to dismiss plaintiff's 1995 Complaint. The latter memorandum has been altered to assert now that plaintiff's claim was indeed timely.

## II.

█ Henderson argues that in light of the prior proceedings in this court and the Second Circuit, plaintiff's discrimination claim against the USPS arising from her December 1993 termination is barred by *res judicata.*

2. "Compl." refers to plaintiff's second complaint, filed on December 10, 1997, and attached to Henderson's Notice of Motion as

█ The doctrine of *res judicata* promotes judicial economy and fairness to litigants by ensuring that a final judgment on the merits of an action " 'precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Preclusive effect extends not only "to every matter which was offered and received to sustain or defeat the claim or demand, but [also] to any other admissible matter which might have been offered for that purpose." *Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) (internal quotation marks and citation omitted). A judgment on the merits for purposes of *res judicata* is not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment, a judgment on stipulation or agreement, or a summary judgment. *See* 18 James Wm. Moore, *Moore's Federal Practice* § 131.30, at 131–87 to –88 (3d ed.1998). To the extent relevant here, at least one court has held specifically that "[a] dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States." *Bloomquist v. Brady,* 894 F.Supp. 108, 116 (W.D.N.Y.1995) (citations omitted). Moreover, even assuming that a case is dismissed not on the merits but for lack of subject matter jurisdiction, the dismissal has a preclusive effect on the jurisdictional issue. *See* Fed.R.Civ.P. 41(b); 18 Moore *et al., supra,* § 131.30, at 131–87 to –88.

The parties in the instant action and plaintiff's previous action are the same, and the only additional fact now asserted by plaintiff is that the mishandling of her EEOC investigation is what led to her untimely filing. Plaintiff's sole challenge,

Exhibit A. Plaintiff's first complaint, filed on June 7, 1995 ("6/7/95 Compl."), is attached as Exhibit B to Henderson's Notice of Motion.

therefore, is to this court's finding that she delayed in pursuing her administrative remedies, and was precluded by sovereign immunity from bringing suit against the Postmaster General. Because plaintiff, represented by counsel, had full opportunity to litigate the question of waiver of sovereign immunity, she is barred from reopening the issue and her complaint is dismissed accordingly.

For the reasons stated above, Henderson's motion is granted, and the complaint is dismissed.

SO ORDERED.