In re ADLER, COLEMAN CLEARING
CORP., Debtor,

Edwin B. Mishkin, as Sipa Trustee for
the Liquidation of the Business of
Adler, Coleman Clearing Corp., Plain-
tiff–Appellee,

v.

Philip Gurian, Defendant–Appellant,

Tally Group, S.A., Rocena Company,
Ltd., Ubiquity Holdings, Ltd., a/k/a
Umbigquity Holdings, S.A., Maravel
and Associates, Caspian Consulting,
Ltd., and Bauman, Ltd., Defendants.

No. 05–6245–bk.

United States Court of Appeals,
Second Circuit.

Aug. 14, 2006.

James E. Felman (Katherine Earle Yanes, on the brief), Kynes, Markman & Felman, P.A., Tampa, FL, for Appellant.

James Corsiglia, Mitchell A. Lowenthal, & Shawn T. Hynes, of Counsel, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS and Hon. ROSEMARY S. POOLER, Circuit Judges and Hon. EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Philip Gurian appeals the decision of the United States District Court for the Southern District of New York (Marrero, J.) granting summary judgment on claims brought under the common law alter ego doctrine and Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), ("Section 20(a)") in favor of the Trustee ("Trustee") appointed by the Securities Investor Protection Corporation ("SIPC") for the liquidation of the Adler, Coleman Clearing Corp. ("Adler"). The Trustee's suit seeks to hold Gurian liable for the payment of default judgments the Trustee obtained against the defendant Bahamian corporations ("Bahamian Entities") for their participation in a fraudulent stock-trading scheme that ultimately resulted in the collapse of Adler. The Trustee alleges that Gurian created and controlled the Ba-

hamian Entities as tools to effectuate this scheme. We assume the parties' familiarity with the facts, procedural background and issues presented for review.

■ To pierce the corporate veil under an alter ego theory, a plaintiff must demonstrate, *inter alia,* that the owner of the corporation used its control of the corporation to commit a fraud or wrong that resulted "in an unjust loss or injury to the plaintiff." *Babitt v. Vebeliunas (In re Vebeliunas),* 332 F.3d 85, 91–92 (2d Cir.2003) (citing *Morris v. State Dep't of Taxation & Fin.,* 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 623 N.E.2d 1157 (1993)). The district court held that the prior default judgments obtained by the Trustee against DePrimo and the Bahamian Entities sufficed to establish this element. *See Mishkin v. Gurian (In re Adler, Coleman Clearing Corp.),* 399 F.Supp.2d 486, 492 (S.D.N.Y. 2005) (holding that the default judgments "establish that the Bahamian Entities committed violations of the Exchange Act and common law fraud and deceit entitling the Trustee to recover damages on behalf of Adler."). However, the general rule is well-established that default judgments lack issue-preclusive effect.[1] *See Abrams v. Interco, Inc.,* 719 F.2d 23, 34 n. 9 (2d Cir.1983) (observing that the "accepted view" is "that the decision of issues not actually litigated, e.g., a default judgment, has no preclusive effect in other litiga-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1. Several other circuits have allowed a default judgment entered as a procedural sanction to be accorded preclusive effect in a subsequent action if the sanctioned party's abuse of the litigation process is of sufficiently outrageous severity. *See, e.g., In re Docteroff,* 133 F.3d 210, 215 (3d Cir.1997); *In re Daily,* 47 F.3d 365, 368 (9th Cir.1995); *In re Bush,* 62 F.3d 1319, 1324 (11th Cir.1995); *In re Jordana,* 232 B.R. 469, 477–78 (10th Cir. BAP 1999). We need not determine whether to adopt this exception to the general rule denying preclusive effect because it would not apply here given the (relatively insignificant) delay and obstruction by the Bahamian entities in the defaulted actions—as the Trustee himself argues, the participation of the Bahamian Entities in those actions did not extend much beyond their appearance, and the record suggests that the time between the serving of the summons and complaint and the entry of default judgment was less than four months.

tion"); *see also Amato v. City of Saratoga Springs,* 170 F.3d 311, 323 (2d Cir.1999) (Jacobs, J., concurring) ("Of course, a default judgment lacks preclusive effect in other litigation."); Restatement (Second) of Judgments § 27 cmt. e (1982). Thus, the district court erred in granting summary judgment in favor of the Trustee on the alter ego claim.[2]

■ Likewise, the district court erred in granting summary judgment in favor of the Trustee on the Section 20(a) claim. "In order to establish a prima facie case of liability under § 20(a), a plaintiff must show ... a primary violation by a controlled person." *Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998). The district court erroneously relied on the default judgments to establish this element. *See In re Adler, Coleman Clearing Corp.,* 399 F.Supp.2d at 494 ("The primary violations by the Bahamian Companies have been shown by means of the [default judgments].").

Given the procedural and factual circumstances of this case, we find no error in the district court's use of New York law to resolve the issue of piercing the corporate veil.

For the reasons stated above, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this order.

2. The Trustee's argument that the default judgments constituted evidence tending to show that Gurian used the Bahamian Entities to commit a wrong that harmed Adler is of no avail. The default judgments may constitute evidence of the entry of default judgment in the amount specified against DiPrimo and the Bahamian Entities, but they are not evidence of the underlying wrongful conduct.