Overview Books, LLC v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              ROBERT A. KATZMANN,
              DEBRA ANN LIVINGSTON,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

OVERVIEW BOOKS, LLC, LEV TSITRIN,

        <u>*Plaintiffs-Appellants*</u>,

        -v.-                                         11-494

THE UNITED STATES OF AMERICA, THE
LIBRARY OF CONGRESS, JAMES H.
BILLINGTON, as the LIBRARIAN OF
CONGRESS,

        <u>*Defendants-Appellees*</u>.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**　　Norman J. Finkelshteyn
　　　　　　　　　　　　East Brunswick, NJ

**FOR APPELLEES:**　　John Vagelatos (Varuni Nelson, on the
　　　　　　　　　　　brief),
　　　　　　　　　　　Assistant United States Attorney, *for*
　　　　　　　　　　　Loretta E. Lynch, United States Attorney,
　　　　　　　　　　　Eastern District of New York,
　　　　　　　　　　　Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, J.) granting Appellees' motion to dismiss and dismissing Appellants' complaint.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED.**

Appellants appeal from an order by the district court dismissing their complaint with prejudice for failure to state a claim on res judicata and collateral estoppel grounds. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). We also review de novo a district court's application of res judicata and collateral estoppel principles. Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 400 F.3d 139, 141 (2d Cir. 2005) (per curiam) (res judicata); Purdy v. Zeldes, 337 F.3d 253, 258 (2d Cir. 2003) (collateral estoppel).

**[1]** "Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks omitted). Res

judicata will bar subsequent litigation if the "earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Id. (quoting In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir. 1985)). The decision of the Court of Federal Claims satisfies each of these conditions. First, the court's dismissal under Rule 12(b)(6) constituted an adjudication on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). Second, the issue of jurisdiction was fully and fairly litigated before the Court of Federal Claims. See Stone v. Williams, 970 F.2d 1043, 1057 (2d Cir. 1992) (noting that "principles of preclusion apply equally to jurisdictional matters"). Consequently, we lack "the power to inquire again into that jurisdictional fact." Corbett v. MacDonald Moving Servs., Inc., 124 F.3d 82, 88 (2d Cir. 1997) (internal quotation marks omitted). Third, because the Library of Congress and the Librarian of Congress are in privity with the United States government, the prior litigation in the Court of Federal Claims involved the same parties or their privies as the current action. See, e.g., Jones v. Dep't of Army Bd. For Correction of Military Records, No. 99 CIV 4423 DC, 2000 WL 890377, at *3 (S.D.N.Y. June 30, 2000); Waldman v. Vill. of Kiryas Joel, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d. Cir. 2000); see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (noting that an "action against a federal agency or federal officers in their official capacities is essentially a suit against the United States"). Finally, the complaint in this case asserts the same cause of action as Appellants' prior complaint in the Court of Federal Claims since the claims in each case have identical factual predicates--the rejection of Appellants' book from the Library of Congress's Cataloging in Publication ("CIP") program. See Herendeen v. Champion Int'l Corp., 525 F.3d 130, 133-34 (2d Cir. 1975). Appellants' claims are therefore precluded by res judicata.


[2] A party is collaterally estopped from raising an issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and

3

fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." <u>Interoceanica Corp. v. Sound Pilots, Inc.</u>, 107 F.3d 86, 91 (2d Cir. 1997) (internal quotation marks omitted). Appellants' First and Fifth Amendment allegations in this case were raised in nearly identical form before the Court of Federal Claims (where Appellants had a full and fair opportunity to litigate), and were actually decided by that court. Moreover, the court's resolution of the First and Fifth Amendment issues relevant to Appellants' claims was not mere dicta; it was a necessary element of the court's conclusion that Appellants did not have a "right" or "entitlement" to participate in the CIP program of which they were deprived in violation of the Takings Clause.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK