Robert GIANATASIO, Plaintiff,

v.

Mario D'AGOSTINO, Persal LLC d/b/a Muscle Maker Grill and Tirreanian Realty, Defendants.

No. 11 Civ. 3095.

United States District Court, S.D. New York.

May 22, 2012.

Neil S. Comer, Attorney at Law, by: Neal S. Comer, Esq., White Plains, NY, for Plaintiff.

Peter J. Piergiovanni, Esq., by: Peter J. Piergiovanni, Esq., Bronx, NY, for Defendants.

## OPINION

SWEET, District Judge.

The defendants Mario D'Agostino, Persal, LLC d/b/a Muscle Maker Grill and Tirrenian Realty Corp. (the "Defendants") have moved pursuant to Fed.R.Civ.P. 8(c)(1) to dismiss the complaint (the "Complaint") filed by plaintiff Robert Gianatasio (the "Plaintiff") under the affirmative defenses of res judicata, collateral estoppel and the full faith and credit doctrine. Based upon the conclusions set forth below, Defendants' motion is granted.

### *Facts & Prior Proceedings*

The Court previously described the facts alleged in the Complaint as well as the case's prior proceedings in its opinion dated November 2, 2011 (the "November 2 Opinion"). See *Gianatasio v. D'Agostino*, No. 11 Civ. 3095(RWS), 2011 WL 5244961, at *1–2 (S.D.N.Y. Nov. 2, 2011). Familiarity with those alleged facts and prior proceedings is presumed. Because Defendants' present motion to dismiss is brought under the affirmative defenses of res judicata, collateral estoppel and the full faith and credit doctrine based on a decision rendered by the Supreme Court of the State of New York, Bronx County, a brief summary of the relevant aspects of this case's procedural history is warranted.

As noted in the November 2 Opinion, on December 21, 2010, Plaintiff, along with Paterno & Gianatasio, LLC, Argo Construction Corporation, Paramount Plumb-

ing Company, Inc., Paramount Plumbing Servicing & Alterations, Paramount Plumbing Company of New York, Inc., Four Wall Construction, Inc., and F1 American, Inc. filed suit against Defendants in the Supreme Court of the State of New York, Bronx County. This state court complaint is predicated on the same facts as the Complaint before this Court, alleging that Defendant D'Agostino induced the plaintiffs to invest time, effort and resources for the construction of Muscle Maker Grill, but that the defendants have not paid plaintiffs for any of the work performed or any share of the partnership profits. At the time the December 2010 state court complaint was filed, Gianatasio was a resident of the Bronx and his co-plaintiffs, who were various contractors involved in the construction of Muscle Maker Grill, were also domiciled in New York.

On February 11, 2011, Defendants appeared in the Supreme Court of the State of New York, Bronx County, filed a motion to dismiss the state court complaint and submitted an application for a judgment of dismissal. Although the motion was calendared for March 16, 2011, the parties agreed to adjourn the hearing until April 25 after Plaintiff retained new counsel. According to Defendants, Plaintiff did not appear on April 25, prompting the state court to adjourn the motion until May 2. On the May 2 hearing date, Plaintiff again failed to appear. On May 2, 2012, the Honorable Norma Ruiz of the Bronx County Supreme Court submitted Defendants' motion to dismiss without opposition.

On May 6, 2011, Plaintiff filed the present action in this Court. Meanwhile, in state court, the plaintiffs filed a Voluntary Discontinuance dated May 10 informing the state court that plaintiffs were voluntarily discontinuing the action, without prejudice, pursuant to CPLR Rule 3217.

In the federal court action, Defendants, on May 27, 2011, moved this Court to dismiss the Complaint for lack of subject matter jurisdiction, insufficient process and failure to join an indispensable party. Four days later, in the state court action, Justice Ruiz granted Defendants' motion to dismiss because the state court plaintiffs had defaulted. See *Gianatasio, et al. v. D'Agostino, et al.*, No. 310498–10, Order of Hon. Norma Ruiz dated May 31, 2011 ("Motion to dismiss and to vacate various mechanic liens is granted on default without any opposition submitted there to / Movant directed to settle order on notice / This constitutes the decision of the Court."). According to Defendants, Justice Ruiz' order dated May 31 was not docketed until September 12, 2011, a delay Defendants attribute to budgetary constraints. Because of this delay, Defendants were unable to incorporate Justice Ruiz' order of dismissal in their motion to dismiss the federal court action filed on May 27.

As noted above, Justice Ruiz' May 31 order directed Defendants to "settle order on notice." On October 21, 2011, Defendants filed a proposed Order with Notice of Settlement in the Bronx County Clerk's Office and served Plaintiff's counsel. The proposed order provided as follows:

> The Plaintiff having brought on this action by the Law Offices of Anthony Meola, Esq., for a monetary judgment upon a breach of contract claim and other related actions against the Defendants herein, and the Defendants having collectively appeared by and through the Law Offices of Peter J. Piergiovanni, Esq., and Plaintiff having filed a Motion to Dismiss, and for Cancellation of various mechanic's liens filed by the Plaintiffs, and the Motion to Dismiss having been returnable before this Honorable Court on March 16, 2011, and the Defendants' motion having been adjourned to

April 25, 2011, and the Plaintiffs having willfully failed to appear on the return date of Defendants' Motion, and said Motion having been adjourned by the Court to May 2, 2011, for the filing of the Plaintiffs' opposition and Plaintiffs' appearance, and said Motion having been duly submitted for decision as Motion No. 10, on the May 2, 2011, calendar for the Honorable Norma Ruiz, and Defendants' Motion to Dismiss and to vacate various mechanic liens having been granted by this Court by way of a Short Form Order dated May 31, 2011, upon default without any opposition from the Plaintiff, it is hereby

ORDERED, that the Defendants' Motion to Dismiss is hereby granted in all respects and that Plaintiffs' Verified Complaint, dated December 21, 2010, is hereby dismissed with prejudice, based upon the Plaintiffs' willful default in failing to submit any opposition thereto and/or failing to appear before this Court, and it hereby further

ORDERED, that pursuant to New York State Lien Law § 10 et seq., that each and all of the Plaintiffs' Twenty (20) Mechanic's Liens filed against Defendant TIRRENIAN REALTY CORP's parcel of real property located in the Borough and County of Bronx and designated as Block 5445, Lot 4, and more commonly known as 4051 East Tremont Avenue, Bronx, New York are hereby vacated with prejudice, and it is hereby further

ORDERED, that the Bronx County Clerk's office is hereby directed to cancel each and all of the Twenty (20) Mechanic's Liens filed by the Plaintiffs, on September 17, 2010 and October 6, 2010, from its records as related to the Defendant, TIRRENIAN REALTY CORP., parcel of real property located in the Borough and County of Bronx and designated as Block 5445, Lot 4, and more commonly known as 4051 East Tremont Avenue, Bronx, New York.

On November 2, 2011, this Court denied Defendants' motion to dismiss the federal court action. On February 16, 2012, Justice Ruiz' signed Defendants' proposed order dismissing the plaintiffs' state court complaint with prejudice. On March 21, 2012 Defendants moved this Court to dismiss the Complaint on grounds of res judicata, collateral estoppel and the full faith and credit doctrine, based on Justice Ruiz' order dated February 16. Defendants' motion was heard and marked fully submitted on April 25, 2012.

### The Applicable Standard

Fed.R.Civ.P. 8(c)(1) provides: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Defendants here seek to invoke Rule 8(c) on grounds of res judicata, collateral estoppel and the full faith and credit doctrine.

Under the doctrine of res judicata, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac*, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1877)); *Overview Books, LLC v. United States*, 438 Fed.Appx. 31, 33 (2d Cir.2011). "Res judicata will bar subsequent litigation if the earlier decision was (1) a final judgment on the merits, (2) by a

court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Overview Books,* 438 Fed.Appx. at 33 (internal quotation marks omitted). "[I]n considering whether claims asserted in a subsequent suit were, or could have been, raised in a prior proceeding, courts look to 'whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.'" *Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC,* 742 F.Supp.2d 446, 454 (S.D.N.Y.2010) (quoting *Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 289 (2d Cir.2000)). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. *Channer v. Dep't of Homeland Security,* 527 F.3d 275, 280 (2d Cir. 2008).

The doctrine of collateral estoppel "bars a party from relitigating in a subsequent proceeding an issue of fact or law that was clearly raised in a prior action where the party to be precluded ... had a full and fair opportunity to litigate the issue, and a decision on that issue was necessary to support a valid and final judgment on the merits." *Envtl. Def. v. U.S. Envtl. Prot. Agency,* 369 F.3d 193, 202 (2d Cir.2004) (citations omitted). "Under federal law, collateral estoppel [, or issue preclusion,] applies when '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Purdy v. Zeldes,* 337 F.3d

253, 258 (2d Cir.2003) (footnote omitted) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 91 (2d Cir.1997)).

"The Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1, and the federal full faith and credit statute, 28 U.S.C. § 1783, mandate that federal courts give preclusive effect to judgments on the merits from state courts. '[T]he preclusion law of the state in which the judgment was rendered ...' governs the federal court's determination of the preclusive effect of the state court decision." *Vigliano v. County of Westchester,* No. 92 Civ. 3598(MJL), 1998 WL 912081, at *2 (S.D.N.Y. Dec. 30, 1998) (quoting *Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)); see also *Matter of Anonymous v. Kaye,* No. 94 Civ. 2882(JFK), 1995 WL 617795, at *5 (S.D.N.Y. Oct. 19, 1995). In New York "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *O'Brien v. City of Syracuse,* 445 N.Y.S.2d 687, 688, 54 N.Y.2d 353, 429 N.E.2d 1158 (1981). However, "when a complaint is dismissed for legal insufficiency or other defect in [the] pleading, it does not act as a bar to commencement of a new action for the same relief unless the dismissal was expressly made on the merits or the new complaint fails to correct the defects or omissions fatal to the prior one." *Deacon's Bench, Inc. v. Hoffman,* 101 A.D.2d 971, 971, 477 N.Y.S.2d 447 (3d Dep't 1984); accord *Pretzel Time, Inc. v. Pretzel Int'l, Inc.,* No. 98 Civ. 1544, 1998 WL 474075, at *5 (S.D.N.Y. Aug. 10, 1998).

### Defendants' Motion To Dismiss The Complaint Is Granted

As highlighted above, Justice Ruiz' order held that "Plaintiffs' Verified Com-

plaint, dated December 21, 2010, is hereby dismissed with prejudice, based upon the Plaintiffs' willful default in failing to submit any opposition thereto and/or failing to appear before this Court[.]" The sole point of contention between the parties concerns whether this order constitutes a judgment "on the merits." As noted above, the grounds upon which Defendants seek to dismiss the Complaint all require that the state court's order be deemed a judgment "on the merits." While Defendant claims that Justice Ruiz' order was "on the merits," thereby triggering the applicability of res judicata, collateral estoppel and the full faith and credit doctrine, Plaintiff states that the dismissal dealt only with procedural issues and did not determine the factual or legal issues as to the merits of the claims set forth in the state court complaint.

## A. Justice Ruiz' Order Is Sufficient To Trigger Res Judicata

In opposing Defendants' motion to dismiss, Plaintiff raises only one argument, namely that "[t]he dismissal order in the Bronx action dealt with procedural issues and did not determine the factual or legal issues as to the merits of the claims set forth therein." However, for purposes of establishing whether Justice Ruiz' order constitutes a judgment "on the merits," it must be noted that "[a] judgment on the merits for purposes of res judicata is not necessarily a judgment based upon a trial of contested facts; it may, for example, be a default judgment, a judgment on stipulation or agreement, or a summary judgment." *Dillard v. Henderson,* 43 F.Supp.2d 367, 369 (S.D.N.Y.1999); *see also U.S. Sec. & Futures Corp. v. Irvine,* No. 00 Civ. 2322(RMB)(THK), 2002 WL 34191506, at *4 (S.D.N.Y. May 13, 2002) ("A default judgment has the same preclusive effect for res judicata purposes as a judgment on the merits.") (citing *N. Am.*

*Foreign Trading Corp. v. Chiao Tung Bank,* No. 95 Civ. 5189(LBS), 1997 WL 193197, at *5 (S.D.N.Y. Apr. 18, 1997); *Sterling Doubleday Enters. v. Marro,* 238 A.D.2d 502, 503, 656 N.Y.S.2d 676 (2d Dep't 1997)).

Justice Ruiz' order granted dismissal of the state court action "with prejudice." " 'A dismissal with prejudice constitutes a judgment on the merits just as fully and completely as if the order had been entered after trial[;] ... a decree of settlement ... will be given full res judicata effect in a subsequent suit between' the parties and on all the claims 'comprised in the settlement.' " *Modular Devices, Inc. v. Alcatel Alenia Space Espana, Space Systems/Loral, Inc.,* No. 08–CV–1441 (JS)(WDW), 2009 WL 749907, at *3 (E.D.N.Y. Mar. 16, 2009) (citing *Cahill v. Arthur Andersen & Co.,* 659 F.Supp. 1115, 1120 (S.D.N.Y.1986), aff'd 822 F.2d 14 (2d Cir.1987)). While it is true that Justice Ruiz did not hear argument or review evidence, "[r]es judicata does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim. That is why it has long been the law that default judgments can support res judicata as surely as judgments on the merits." *EDP Med. Computer Sys., Inc. v. United States,* 480 F.3d 621, 626 (2d Cir.2007) (citations omitted); see also *Morris v. Jones,* 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947) (" 'A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default.' ") (quoting *Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929)).

As noted above, res judicata requires that "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action," *Overview Books,* 438 Fed.Appx. at 33, and the only element Plaintiff disputes is whether a judgment has been rendered on the merits. There is no dispute concerning the state court's jurisdiction over the matter. The state court action involved the same litigants (along with several others) as those involved in the present action. With respect to the causes of action, the state court action alleged (1) breach of contract against D'Agostino and Persal, (2) breach of contract against all Defendants, (3) fraud against D'Agostino and Persal, (4) conversion against all Defendants, (5) breach of fiduciary obligation against D'Agostino and Persal and (6) unjust enrichment. Plaintiff's federal complaint has four causes of action, including (1) a request for an accounting, (2) a request for declaratory relief entitling Plaintiff, after the accounting, to 50% of all profits from Muscle Maker Grill, (3) breach of contract and (4) unjust enrichment. Although the causes of action in the federal complaint are styled in a somewhat different form from those in the state court complaint, all the federal causes of action stem from the same breach of contract and unjust enrichment claims asserted in the state court action.

Because Justice Ruiz' February 16 order is a final decision on the merits, Plaintiff's federal complaint is dismissed on grounds of res judicata.

### B. Justice Ruiz' Order Is Insufficient To Trigger Collateral Estoppel

Justice Ruiz' order is insufficient to dismiss the Complaint on grounds of collateral estoppel, also known as issue preclusion. "[T]he general rule is well-established that default judgments lack issue-preclusive effect." *In re Adler, Coleman Clearing Corp.,* 205 Fed.Appx. 856, 857 (2d Cir.2006) (citing *Abrams v. Interco, Inc.,* 719 F.2d 23, 34 n. 9 (2d Cir.1983)). "[U]nder New York law, collateral estoppel forecloses only those issues that have been 'actually litigated and determined in a prior action,' and '[a]n issue is not actually litigated if there has been a default.' " *Yoon v. Fordham Univ. Faculty & Administrative Retirement Plan,* 263 F.3d 196, 202 n. 7 (2d Cir.2001) (citing *Pigliavento v. Tyler Equip. Corp.,* 233 A.D.2d 810, 811, 650 N.Y.S.2d 414 (3d Dep't 1996)). Because the issues raised in Defendants' motion to dismiss the state court action were never actually litigated, collateral estoppel cannot be employed to dismiss Plaintiff's Complaint.

### C. Justice Ruiz' Order Is Entitled To Deference Under The Full Faith And Credit Act

With respect to Defendants' contentions regarding the Full Faith and Credit Clause, judgments of any New York court "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738; see also *Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) ("It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.") (citation omitted). Under 28 U.S.C. § 1738, this Court is required "to give preclusive effect to state court judgments whenever the courts of that state would do so."

*Bray v. N.Y. Life Ins.,* 851 F.2d 60, 62 (2d Cir.1988). As such, New York state law must be applied to determine what preclusive effect New York courts would assign to Justice Ruiz' default judgment issued on February 16, 2012.

New York courts have held that "a prior default judgment bars a subsequent suit on issues which were or could have been determined in the earlier action." *Mitchell v. Ins. Co. of N. Am.,* 40 A.D.2d 873, 874, 338 N.Y.S.2d 92 (2d Dep't 1972) (citing *Goebel v. Iffla,* 111 N.Y. 170, 18 N.E. 649 (1888); *Goldfarb v. Cranin,* 35 Misc.2d 126, 229 N.Y.S.2d 43 (N.Y.Sup.Ct. 1962)). Res judicata applies "to an order or judgment taken by default which was not been vacated, as well as to issues which were or could have been raised in the prior [action]." *Lazides v. P & G Enters.,* 58 A.D.3d 607, 609, 871 N.Y.S.2d 357 (2d Dep't 2009); see also *Allstate Ins. Co. v. Williams,* 29 A.D.3d 688, 690, 816 N.Y.S.2d 497 (2d Dep't 2006). Additionally, New York law applies a "transactional analysis" approach to res judicata such that any claim which received a final judgment on the merits and "all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Antonious v. Muhammad,* 873 F.Supp. 817, 822 (S.D.N.Y. 1995). Although the state court complaint lists plaintiffs in addition to Gianatasio and alleges different causes of action, both the federal and state complaints are predicated on the allegations that D'Agostino induced Plaintiff to invest time, effort and resources to construct Muscle Maker Grill and that Plaintiff did not receive any profits from the business enterprise established as a part of such efforts. These similarities are sufficient to trigger res judicata under New York law. *See O'Brien,* 54 N.Y.2d at 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158 ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based on different theories or if seeking a different remedy. Here, all of defendants' conduct ... was also raised during [a previous] suit as the basis for that litigation. That proceeding having been brought to a final conclusion, no other claim may be predicated upon the same incidents."). Because Justice Ruiz' February 16 order is sufficient under New York law to trigger res judicata to all claims arising out of the facts alleged in the state court complaint, Plaintiff is unable to bring the present action predicated on the same facts in federal court.

### *Plaintiff's Complaint Is Dismissed With Prejudice*

Although leave to amend should be granted freely, it is not warranted where the amendment of a complaint would be futile. See *Acito v. IMCERA Grp., Inc.,* 47 F.3d 47, 55 (2d Cir.1995) ("Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion. One good reason to deny leave to amend is when such leave would be futile.") (citing *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund. Co.,* 608 F.2d 28, 42 (2d Cir.1979)). In granting Defendants' motion to dismiss on grounds of res judicata and application of the full faith and credit doctrine, the deficiencies in Plaintiff's Complaint are not ones that can be corrected via amendment. As such, dismissal with prejudice is warranted.

### *Conclusion*

Based on the conclusions set forth above, Defendants' motion to dismiss is

granted, and the Complaint is dismissed with prejudice.

It is so ordered.