**XEROX CORP., Plaintiff**

v.

**James A. BENTLEY, Defendant.**

**Civil Action No. 12–cv–2616.**

United States District Court, E.D. Pennsylvania.

Jan. 17, 2013.

Jonathan Miller, Wong Fleming PC, Princeton, NJ, James K. Haney, Wong Fleming, P.C., Philadelphia, PA, for Plaintiff.

Francis M. Correll, Jr., Scott Philip Shectman, Klehr Harrison Harvey Branzburg LLP, Philadelphia, PA, for Defendant.

### *MEMORANDUM*

ANITA B. BRODY, District Judge.

On May 19, 2010, Plaintiff Xerox obtained a default judgment against Bentley Graphic Communications (09–cv–4981, Docket No. 9), in the amount of $775,466.15 plus costs. Xerox now brings a suit to enforce that judgment against Defendant Bentley, who personally guaranteed each contract. In its Motion for Summary Judgment (Docket No. 6), Xerox claims that Bentley is not entitled to discovery regarding the amount owed, asserting that there is no bona fide dispute as to Bentley's breach or Xerox's monetary damages. Accordingly, without using the phrase, Xerox seeks to collaterally estop Bentley from challenging the amount of damages owed.

In *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), the Supreme Court explained that a federal court exercising diversity jurisdiction must adopt "the law that would be applied by state courts in the State in which the federal diversity court sits." *Id.* at 508, 121 S.Ct. 1021. This means that this Court must apply Pennsylvania choice of law rules. Pennsylvania courts give effect to express choice of law provisions in contracts. *See, e.g., Howard Savings Bank v. Cohen,* 414 Pa.Super. 555, 607 A.2d 1077, 1078 (1992); *Smith v. Commonwealth National Bank,* 384 Pa.Super. 65, 557 A.2d 775, 777 (1989). *See also Restatement (Second) of Conflict of Laws* § 187(1) ("The law of the state chosen by the parties to govern their contractual rights and duties will be applied"). Every contract at issue in this dispute contains a clear choice of law provision stating that the agreements would be construed under the laws of the State of New York. Therefore, this Court, sitting in diversity and applying Pennsylvania choice of law rules, will apply New York substantive law.

The basic question in this case is whether Defendant Bentley can be bound by the previous default judgment against Bentley Graphic Communications, Inc. (09–cv–4981). New York law is clear that default judgments are not given collateral estoppel effect. "[T]he general rule is well-established that default judgments lack issue-preclusive effect." *In re Adler, Coleman Clearing Corp.,* 205 Fed.Appx. 856, 857 (2d Cir.2006) (*citing Abrams v. Interco, Inc.,* 719 F.2d 23, 34 n. 9 (2d Cir.1983)). "[U]nder New York law, collateral estoppel forecloses only those issues that have been 'actually litigated and determined in a prior action,' and '[a]n issue is not actually litigated if there has been a default.'" *Yoon v. Fordham Univ. Faculty & Administrative Retirement Plan,* 263 F.3d 196, 202 n. 7 (2d Cir.2001) (*citing Pigliavento v. Tyler Equip. Corp.,* 233 A.D.2d 810, 811, 650 N.Y.S.2d 414 (3d Dep't 1996)). Because New York law does not give collateral estoppel effect to default judgments, Xerox's motion is denied.[1]

---

1. Similarly, Pennsylvania law does not give preclusive effect to default judgments. *See,*

e.g., *McGill v. Southwark Realty Co.*, 828 A.2d 430, 435 (Pa.Commw.2003) ("A default judgment lacks the requisite element that it be 'actually litigated.' A default judgment is not entitled to the preclusive effect of collateral estoppel"); *Fleet Consumer Discount Co. v. Graves*, 33 F.3d 242 (3d Cir.1999) (applying Pennsylvania law and specifically comment e of the Restatement to hold that a default judgment does not have preclusive effect since the case is not actually litigated); *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328, 333 (1975) (describing the Restatement of Judgments as "the accepted law in Pennsylvania").